COUNTY OF CLARK, a Political Subdivision of the State of Nevada, Appellant, v. THE STATE OF NEVADA, NEVADA INDUSTRIAL COMMISSION, Respondent.

No. 14536

September 28, 1983                    669 P.2d 730

*Robert J. Miller,* District Attorney, and *Thomas R. Severns,* Deputy District Attorney, Clark County, for Appellant.

*Charles J. York,* and *Dean A. Hardy,* Las Vegas, for Respondent.

## OPINION

*Per Curiam:*

This is an appeal from an order affirming the respondent agency's determination that temporary election workers hired by appellant county are "employees" of the county and thus subject to the industrial insurance laws embodied in NRS Chapter 616. The sole contention on appeal is that this determination was erroneous. We disagree and therefore affirm.

Under NRS 616.060(1), a person is not an "employee" if his or her employment is both "casual" and "not in the course of the trade, business, profession or occupation" of the employer. The specific dispositive issue in this case is whether

election workers hired by the county to work only on election days are employed in the course of the county's business.[1]

Under NRS 616.120, "[t]rade, business, profession or occupation of [the] employer includes all services tending toward the preservation, maintenance or operation of the business, business premises, or business property of the employer." The county tacitly acknowledges that if the language of NRS 616.120 is applied literally, election day workers are "employees" under NRS 616.060(1), and thus are subject to the provisions of NRS Chapter 616. The county argues, however, that literal application of such language, in a case involving a public entity such as the county, would render meaningless the exclusion embodied in 616.060(1).

As the county suggests, the trade or business definition in NRS 616.120 is quite broad. Nevertheless, the employment of election workers is clearly within the scope of the county's business of providing governmental services. If the statutory definition should be narrowed, the county's argument is more appropriately made to the legislature rather than to this court. As the statute now reads, respondent's determination was correct.

Affirmed.

---

[1]The parties apparently agree that the election workers are "casual." *See* NRS 616.030.