*1340
 
 OPINION
 

 Per Curiam,:
 

 In this appeal, appellant John Michael Oliver challenges the district court’s entry of summary judgment in favor of respondent Barrick Goldstrike Mines (“Barrick”)- The district court granted summary relief to Barrick on grounds that Barrick was the principal contractor on the project on which Oliver was employed and that, as a matter of law, Barrick was Oliver’s statutory employer under the Nevada Industrial Insurance Act (“NIIA”). Therefore, Barrick was immune from liability asserted against it by the injured Oliver. We conclude that the district court erred in determining that Barrick was Oliver’s statutory employer and, therefore, reverse.
 

 FACTS
 

 Barrick is in the business of mining and processing gold, and
 
 *1341
 
 operates a gold mine north of Carlin, Nevada. Barrick is not a licensed contractor under NRS chapter 624.
 
 [1]
 

 During the period from 1989 to 1991, Barrick employed Mountain States Mineral Enterprises (“Mountain States”), an independent contractor, to complete several different modifications to the mill that was situated on Barrick’s mine site. The modifications included changes and additions to the piping system as well as the demolition and replacement of insulation in the piping system and associated tanks. Oliver is an employee of Mountain States and a federally certified welder who specializes in pipefitting and welding.
 

 Barrick required Mountain States to enter into a “general conditions” contract and subsequent “short form” contracts for each individual project. The general conditions contract provided that Mountain States was to provide and secure workers’ compensation insurance with the State Industrial Insurance System (“SIIS”) covering work-related accidents to Mountain States’ employees working at the mill. Mountain States secured the required insurance.
 

 Under the terms of the referenced contracts, Barrick provided power sources and access to job sites, coordinated work with other contractors as necessary, and verified Mountain States’ compliance with contract specifications prior to signing off on a completed project. Barrick did not exercise day-to-day supervision over Mountain States. Moreover, Mountain States supervised Oliver, paid his wages and worker’s compensation premiums, and had the sole right to hire and fire him.
 

 On August 23, 1991, Oliver received chemical burns on his feet while removing insulation on pipes and tanks in the mill. Thereafter, Oliver filed an action against Barrick, alleging that Barrick negligently represented to him that the area in which he was injured was safe and free of chemical acid. Barrick claimed statutory immunity under the NIIA on grounds that it was Oliver’s “statutory employer.”
 

 DISCUSSION
 

 This court’s standard of review on summary judgment is well established. We review the entire record anew, and without deference to the findings of the district court; therefore, our
 
 *1342
 
 review is essentially de novo, and is undertaken in a light most favorable to the party against whom summary judgment was entered. Caughlin Homeowners Ass’n v. Caughlin Club, 109 Nev. 264, 266, 849 P.2d 310, 311 (1993). Moreover, we have long recognized that:
 

 “Rule 56 authorizes summary judgment only where the moving party is entitled to judgment as a matter of law, where it is quite clear what the truth is, that no genuine issue remains for trial, and that the purpose of the rule is not to cut litigants off from their right of trial by jury if they really have issues to try.”
 

 Id.
 
 (quoting Short v. Hotel Riviera, Inc., 79 Nev. 94, 103, 378 P.2d 979, 984 (1963)).
 

 Under Nevada law, every employer, within the provisions of NRS chapter 616, must “provide and secure” compensation for injured employees. NRS 616.270(1). In return for providing such compensation, employers enjoy the benefits of the exclusive remedy and immunity provisions under NRS 616.270(3) and NRS 616.370. These provisions grant an employer, including a principal contractor,
 
 [2]
 
 immunity from “other liability for recovery of damages or other compensation” for the personal injury of any employee arising out of employment. NRS 616.270(3).
 

 A.
 
 The district court order granting summary judgment
 

 In the district court, Oliver’s
 
 only
 
 argument in opposition to Barrick’s motion for summary judgment centered on the proper interpretation of NRS 616.085(1) read in conjunction with NRS 616.262.
 

 NRS 616.085(1) provides:
 

 Except as otherwise provided in NRS 616.262, subcontractors, independent contractors and the employees of either shall be deemed to be employees of the principal contractor for the purposes of this chapter.
 

 NRS 616.262 provides:
 

 
 *1343
 
 1. A person is not an employer for the purposes of this chapter if:
 

 (a) He enters into a contract with another person or business which is an independent enterprise; and
 

 (b) He is not in the same trade, business, profession or occupation as the independent enterprise.
 

 2. As used in this section, “independent enterprise” means a person who holds himself out as being engaged in a separate business and:
 

 (a) Holds a business or occupational license in his own name; or
 

 (b) Owns, rents or leases property used in furtherance of his business.
 

 3. The provisions of this section do not apply to a principal contractor who is licensed pursuant to chapter 624 of NRS.
 

 4. The administrator may adopt such regulations as are necessary to carry out the provisions of this section.
 

 Oliver contends that the two sections, read in combination, limit the application of NRS 616.085(1) to licensed contractors. Oliver thus concludes that since Barrick is not a principal contractor licensed pursuant to chapter 624 of NRS, Barrick has no immunity under the provisions of NRS chapter 616.
 

 We agree with the district court that Oliver’s interpretation of the combined etfect of NRS 616.085 and NRS 616.262 is untenable. NRS 616.262(3) simply provides that the provisions of
 
 that section
 
 do not apply to licensed contractors. Thus, a principal contractor who is also a licensed contractor under chapter 624 is a statutory employer under the NIIA and entitled to immunity under the applicable statutory provisions. Moreover, an unlicensed principal contractor is also a “statutory employer” of an independent contractor and its employees under NRS 616.262 so long as it is in the “same trade, business, profession or occupation as the independent enterprise.”
 
 [3]
 

 Oliver’s initial argument overlooks subsections 1(a) and (b) of
 
 *1344
 
 NRS 616.262 which state that a “person”
 
 [4]
 
 (Barrick) is not a statutory employer under the NIIA if the person enters into another contract with another business which is an independent enterprise and the person is not in the “same trade, business, profession or occupation as the independent enterprise.”
 

 Clearly, Mountain States is an “independent enterprise” under the statutory definition.
 
 [5]
 
 Thus, as the district court correctly recognized, the only remaining issue is whether Barrick is in the “same trade, business, profession or occupation” as Mountain States. If the answer to this issue is in the negative, Barrick was not the statutory employer of Mountain States and Oliver and, therefore, would not be entitled to immunity.
 

 The district court found that Barrick and Mountain States were engaged in the “same trade” and concluded, therefore, that Barrick was entitled to immunity under the NIIA. The district court primarily based its finding upon NRS 616.120 which provides that a “‘[t]rade, business, profession or occupation of his employer’ includes all services tending toward the preservation, maintenance or operation of the business, business premises, or business property of the employer.” Because Oliver’s work on the pipes furthered the maintenance and operations of Barrick’s mill, the court found that Barrick and Mountain States were engaged in the “same trade.”
 

 B.
 
 Did the district court err in finding Barrick and Mountain States to be in the “same trade”?
 

 Oliver contends, arguably for the first time on appeal, that Mountain States is not in the same trade or business as Barrick and, therefore, Barrick is not immune to Oliver’s negligence claim. Barrick seeks to avoid the issue on grounds that Oliver has waived his right to have the point reviewed on appeal by not raising it in opposition to Barrick’s motion for summary judgment.
 
 See
 
 Cooke v. American Sav. & Loan Ass’n, 97 Nev. 294, 296, 630 P.2d 253, 254 (1981). The purpose for the above rule is
 
 *1345
 
 to prevent appellants from raising new issues on appeal concerning which the prevailing party had no opportunity to respond and the district court had no chance to intelligently consider during proceedings below. Landmark Hotel v. Moore, 104 Nev. 297, 299, 757 P.2d 361, 362 (1988). We reject Barrick’s attempt to thus avoid the issue for the following reasons.
 

 First, the district court stated that Oliver never addressed the “same trade” provision or “attempted even to establish that Mountain States is not in the ‘same trade, business, profession or occupation’ as the contractor Barrick,
 
 other than to state that Barrick is in the gold mine
 
 business” (emphasis added). Although Oliver did not squarely address the “same trade” issue, he did factually observe that Barrick was in the gold mine business, thereby implying that Barrick and Mountain States are not in the same trade.
 
 See
 
 City of Boulder City v. State of Nevada, 106 Nev. 390, 392, 793 P.2d 845, 846 (1990) (citing Wiltsie v. Baby Grand Corp., 105 Nev. 291, 292, 774 P.2d 432, 433 (1989) (in a summary judgment motion, “the non-moving party [Oliver] is entitled to have the evidence and all reasonable inferences accepted as true”)).
 

 Second, and of greatest significance, is the fact that the district court did address the “same trade” issue and specifically found, after analyzing NRS 616.120 and case law, that Barrick and Mountain States were in the “same trade.” Considering that the district court did address the “same trade” issue and based its ruling on the resolution of that issue, the policy concerns underlying the rule that this court invokes to elect not to consider issues raised for the first time on appeal are essentially absent in this case.
 

 Third, because we conclude that the district court erred in holding, as a matter of law, that Barrick was the “statutory employer” of Oliver, summary judgment in this case was inappropriate.
 
 See
 
 NRCP 56(e) (summary judgment should only be entered if appropriate).
 

 There is no case law in Nevada interpreting the “same trade” provision contained in NRS 616.262. Barrick contends that the language in NRS 616.120 addressing the “[t]rade, business and occupation of his employer” situation, is sufficiently similar to the “same trade” reference in NRS 616.262 that the former provision should control the analysis. Barrick suggests that under that broad definition, Oliver’s work “related to and furthered the operation and maintenance of Barrick’s gold mining business” and, therefore, Barrick and Oliver were in the “same trade.”
 

 Upon close examination of NRS 616.120 and the legislative history of NRS 616.262, we believe the legislature did not intend
 
 *1346
 
 that the broad definition referring to “trade” contained in NRS 616.120 was to be applied in determining whether a principal contractor is a statutory employer under the “same trade” language of NRS 616.262.
 

 First, NRS 616.120 specifically states that “[t]rade, business, profession or occupation
 
 of his employer
 
 includes all services tending toward the preservation, maintenance or operation of the business, business premises, or business property of the employer” (emphasis added). As the plain language of the statute indicates, NRS 616.120 presumes the existence of an employer/ employee relationship. However, the whole point of looking to the provisions of NRS 616.262 in the present case, is to determine whether an employer/employee relationship exists between Barrick and Mountain States and, by extension, Oliver. Thus, the statutory definition urged by Barrick has no application in determining whether Barrick and Oliver’s employer, Mountain States, are in the “same trade.” Clearly, under the referenced statute, Barrick could not be viewed as “his” (i.e., Mountain States’) employer; nor would it make sense to apply a statutory definition that already presumes the existence of an employer/employee relationship — the very issue we have yet to decide.
 

 Second, legislative history does not support the proposition that the broad definition of “trade” in NRS 616.120 was intended to embrace the “same trade” language in NRS 616.262. For example, an early draft of NRS 616.262 stated that persons were not employers under chapter 616 if they: “(a) entered into a contract with an independent enterprise; (b) were not in the same trade, business, profession or occupation; and (c)
 
 the independent enterprise did not further the business interests of the per
 
 son.”
 
 Hearing on Proposed Amendment to S.B.
 
 7
 
 Before the Senate Committee on Commerce and Labor,
 
 April 9, 1991, exhibit D, at 8, § 12(c) (emphasis added).
 

 The final version of NRS 616.262 excluded the language that a person was not an employer if the independent enterprise did not further the business interests of the person (i.e., a person was an employer if the independent enterprise furthered the business interests of the person). Thus, Barrick’s contention that it was in the “same trade” as Mountain States because Oliver’s work furthered the operation of its gold mines was flatly rejected by the legislature.
 
 See Hearing on Proposed Amendment to S.B. 7 Before the Senate Committee on Commerce and Labor,
 
 April 9, 1991, at 20-21 (Scott Young, General Counsel, State Industrial Insurance System, expressing his concern that the former version of NRS 616.262 was too broad and stating “you can almost
 
 *1347
 
 always say that whatever was done for you furthered the interests of the person it was done for”).
 
 [6]
 

 Barrick cites County of Clark v. Nevada Indus. Comm’n, 99 Nev. 729, 669 P.2d 730 (1983), for the proposition that two businesses are in the “same trade” when an activity or service is performed that furthers the business of the employer. The cited case is not supportive of Barrick’s position. To the contrary, in
 
 County of Clark
 
 v.
 
 Nevada Indus. Comm’n,
 
 the temporary persons who were hired by the county were actually employees of the county engaged to provide necessary personnel to handle the county’s responsibilities to facilitate elections. These temporary employees were both hired and terminated by the county, and the employees were clearly engaged in providing services “tending toward the . . . operation of the business ... of the employer [county].” NRS 616.120. Moreover, in giving a broad reading to the “trade” language of NRS 616.120, the cited case did so within the context of NRS 616.060(1),
 
 [7]
 
 which determines whether
 
 employees
 
 are subject to the provisions of NRS chapter 616.
 
 [8]
 
 In the instant case, Oliver was the employee of Mountain States and his employment clearly qualified him for coverage under the Nil A.
 
 [9]
 

 
 *1348
 
 The appropriate definition of “same trade” to use in the present case is clearly stated in Meers v. Haughton Elevator, 101 Nev. 283, 285, 701 P.2d 1006, 1007 (1985). Meers, an employee of Central Telephone Company (“Centel”), was injured in an elevator accident. The elevator was maintained by the Haughton Elevator Company (“Haughton”) pursuant to a contract with Centel. Meers sued Haughton for personal injuries arising out of the accident and Haughton claimed immunity from suit under the NIIA. This court stated that the primary issue for determination was whether Centel was the “statutory employer” of Haughton. If that issue had been decided in the affirmative, Haughton would have been immune to liability for Meers’ injuries.
 

 In reaching the conclusion that Centel was not the “statutory employer” of Haughton, this court specifically rejected the “same trade” definition Barrick now offers and stated that:
 

 The type of work performed by the sub-contractor or independent contractor will determine whether the employer is the statutory employer:
 

 [T]he test is not one of whether the subcontractor’s activity is useful, necessary, or even absolutely indispensable to the statutory employer’s business, since, after all, this could be said of practically any repair, construction or transportation service. The test (except in cases where the work is obviously a subcontracted fraction of a main contract) is whether that indispensable activity is, in that business,
 
 normally
 
 carried on through employees rather than independent contractors.
 

 
 *1349
 

 Id.
 
 at 286, 701 P.2d at 1007 (quoting Bassett Furniture Industries, Inc. v. McReynolds, 224 S.E.2d 323 (Va. 1976)). Under the above test, this court concluded that the specialized maintenance performed by Haughton was not part of Centel’s normal business and therefore, Haughton could not claim immunity under the Nil A. Other rulings by this court support the
 
 Meers
 
 analysis.
 
 See
 
 Willison v. Texaco Ref. & Mktg., 109 Nev. 141, 848 P.2d 1062 (1993); SIIS v. E G & G Special Projects, 103 Nev. 289, 738 P.2d 1311 (1987).
 

 In view of the case law and relevant statutory provisions, we conclude that the “same trade” language in NRS 616.262 refers to the “normal work” test stated in
 
 Meers
 
 and that NRS 616.262 merely recognizes the known distinction between construction cases (licensed contractors under chapter 624) and non-construction cases. If a principal contractor is a licensed contractor pursuant to chapter 624, the principal contractor will be the “statutory employer” of the independent contractors (or subcontractors) and their employees. If a principal contractor is not a licensed contractor, it will be the statutory employer only if it can show that it is in the “same trade” under the
 
 Meers
 
 test. If the legislature had disagreed with the prior precedents of this court, it clearly could have nullified them by statute.
 
 [10]
 
 Considering the plain language of NRS 616.120 and the legislative history of NRS 616.262, we conclude that the legislature did not intend for the “trade” definition of NRS 616.120 to apply in determining whether Barrick was the statutory employer of Mountain States and Oliver. To hold otherwise would not only overrule sound precedent of this court, but would also lead to absurd results. If NRS 616.120 controlled, then arguably, everyone ranging from a roof repairman, electrician, plumber, xerox technician, or computer technician brought in as an independent contractor to fill Barrick’s special, ephemeral, non-mining needs, would be a Barrick employee. If this were the case, the exemption for licensed contractors in NRS 616.262(3) would be virtually rendered meaningless because, as Mr. Young noted, almost any task done for a company furthers the business interests of that company.
 

 
 *1350
 

 CONCLUSION
 

 For the reasons set forth above, we reverse the summary judgment entered by the district court and remand this matter for a trial on the merits.
 

 [1]
 

 NRS 624.220(1) states that the State Contractors’ board “may limit the field and scope of the operations of a licensed contractor to those in which he is classified and qualified to engage as defined by NRS 624.215 and the regulations of the board.”
 

 NRS 624.215(1) states that “the contracting business includes any or all of the following branches: (a) General engineering contracting, (b) General building contracting, (c) Specialty contracting.”
 

 [2]
 

 NRS 616.1115 provides:
 

 “Principal contractor” means a person who:
 

 1. Coordinates all the work on an entire project;
 

 2. Contracts to complete an entire project;
 

 3. Contracts for the services of any subcontractor or independent contractor; or
 

 4. Is responsible for payment to any contracted subcontractors or independent contractors.
 

 It is undisputed that Barrick falls within this statutory definition and is, therefore, a principal contractor.
 

 [3]
 

 In his reply brief, Oliver appears to have abandoned his theory regarding the combined effect of the two statutes, and supplanted it with the position that
 

 a person who has a contract with an independent contractor is entitled to immunity from suit by employees of the independent contractor under NRS 616.085 if the person meets the definition of a principal contractor under NRS 616.1115 and is either (1) in the same trade or business as the independent contractor; or (2) licensed under chapter 624 of the Nevada Revised Statutes.
 

 [4]
 

 NRS 0.039 provides:
 

 Except as otherwise expressly provided in a particular statute or required by the context, “person” means a natural person, any form of business or social organization and any other nongovernmental legal entity including, but not limited to, a corporation, partnership, association, trust or unincorporated organization. The term does not include a government, governmental agency or political subdivision of a government.
 

 [5]
 

 During oral argument, Barrick’s counsel accurately conceded that Mountain States is an “independent enterprise” under NRS 616.262(2).
 

 [6]
 

 Another indication that the legislature did not intend the definition of NRS 616.120 to apply in the present case is a statement made during legislative discussions regarding the “same trade” language in NRS 616.262. John McGlamery, Department Counsel for the Department of Industrial Relations, stated that under NRS 616.262, a department store that hires an independent contractor to perform janitorial services could not be considered to be in the same trade, business, profession or occupation as the janitor.
 
 Hearing on Proposed Amendment to S.B.
 
 7
 
 Before the Senate Committee on Commerce and Labor,
 
 April 9, 1991, at 19-20.
 

 [7]
 

 NRS 616.060(1) provides that the term “employee” excludes: “1. Any person whose employment is both casual and not in the course of the
 
 trade, business, profession or occupation of his employer”
 
 (emphasis added).
 

 [8]
 

 We note, parenthetically, that the language of NRS 616.060(1), excluding from coverage any employee who is both casual and “not in the course of the
 
 trade, business, profession or occupation of his employer”
 
 (emphasis added), contains the exact language defined by NRS 616.120. It is distinctly dissimilar to the “same trade” language used in NRS 616.262(l)(b) which excludes
 
 as employers
 
 for purposes of chapter 616, those employers who are “not in the
 
 same trade, business, profession or occupation as the independent enterprise”
 
 (emphasis added). The deferences between the first two statutes and the latter statute are substantial, apparent, and obviously necessary since they address different concerns.
 

 [9]
 

 NRS 616.286 also provides support for our disposition of this case. In pertinent part, the statute provides:
 

 1. A principal contractor is not liable for the payment of compensation for any industrial injury to any independent contractor or any employee of an independent contractor if:
 

 
 *1348
 
 (a) The contract between the principal contractor and the independent contractor is in writing and the contract provides that the independent contractor agrees to maintain coverage for industrial insurance pursuant to this chapter;
 

 (b) Proof of such coverage is provided to the principal contractor;
 

 (c) The principal contractor is not engaged in any construction project; and
 

 (d) The independent contractor is not in the same trade, business, profession or occupation as the principal contractor.
 

 The terms of this statute were satisfied in the instant case. Mountain States, an independent contractor, pursuant to written contract, provided industrial insurance coverage for its employees. Barrick is not engaged in any construction project, and Barrick and Mountain States are clearly not engaged in the same trade or business. Barrick, therefore, had no liability for the payment of industrial compensation to Oliver. The same reasoning applies to NRS 616.262, the terms of which clearly exclude Barrick as an employer under chapter 616. If it were otherwise, the latter statute would require Barrick to assume the responsibility for providing industrial insurance coverage to Oliver contrary to the terms of NRS 616.286 and the express contract provision which Barrick insisted upon in order to avoid such responsibility.
 

 [10]
 

 Under this distinction, the case of Alaperet v. Phelps, 408 F.2d 669 (9th Cir. 1969), does not change the analysis. In
 
 Alaperet,
 
 a welder (an employee of a sub-contractor) was killed in an accident while working on a well construction project. The heirs of the welder then brought a wrongful death suit against the general contractor. The Ninth Circuit held that the general contractor was the statutory employer of the subcontractor and was therefore immune from suit under the NIIA.
 

 Not only is
 
 Alaperet
 
 non-binding on this court, it represents a run of the mill construction case that falls within the exemption of NRS 616.262(3). Therefore, the case does not apply to the facts of this case.