76 F.3d 384
 NOTICE: Ninth Circuit Rule 36-3 provides that dispositions other than opinions or orders designated for publication are not precedential and should not be cited except when relevant under the doctrines of law of the case, res judicata, or collateral estoppel.
Dean BILLMAYER, Plaintiff-Appellant,
v.
NEWMONT GOLD COMPANY, a foreign corporation, Defendant-Appellee.
 No. 94-16709.
 United States Court of Appeals, Ninth Circuit.
 Argued and Submitted Jan. 12, 1996.
Decided Feb. 1, 1996.
 
 Before: LAY*, GOODWIN, and PREGERSON, Circuit Judges.
 
 
 1
 MEMORANDUM**
 
 
 2
 Billmayer, a driller employed by O'Keefe Drilling Company brings this action against Newmont Gold Company for personal injuries sustained when he slipped from a drill mast. The district court found that Newmont was immune from suit as Billmayer's statutory employer and granted summary judgment in favor of Newmont. We remand for a determination under NRS § 616.262(1) whether Newmont and O'Keefe are in the "same trade, business profession or occupation."
 
 I.
 
 3
 Newmont hired O'Keefe to drill a water-monitoring well and to line the well with five-inch steel casing. Billmayer was a crewmember employed on O'Keefe's drill rig.
 
 
 4
 On February 25, 1992 Billmayer climbed the drill mast to assist in aligning the casing that the crew was inserting into the water monitoring hole. He slipped off the horizontal strut where he was standing and swung toward the moving assembly which raised and lowered the drill head. When he reached out to grab a steel support strut his hands were caught in the moving sprockets and all eight of his fingers were amputated. Billmayer received $147,290.97 in worker's compensation.
 
 
 5
 Billmayer appeals the summary judgment in favor of Newmont on his claim for negligence. The district court found that Newmont was Billmayer's statutory employer and therefore immune from suit under Nevada law.
 
 II.
 
 6
 The Nevada Industrial Insurance Act (NIIA) provides that employees of independent contractors are deemed employees of the principal contractor for purposes of worker's compensation. NRS § 616.085(1). If Newmont is Billmayer's statutory employer, worker's compensation is his sole remedy. NRS § 616.370.
 
 
 7
 There is an exception to this presumption that principal contractors are employers under the NIIA. NRS § 616.262(1). The exception does not apply to a principal contractor[1] who holds a license pursuant to chapter 624 of NRS. NRS § 616.262(3).
 
 
 8
 Billmayer claims that Newmont was in fact not licensed as required by the statute at the time of his accident. He claims Newmont obtained a license in 1993, well after this accident. Newmont has numerous licenses and permits, state and federal, to operate mines and perform related work but it does not maintain it had the license required under § 616.262(3). Rather, it contends that the narrow exception carved out of § 616.085(1) by § 616.262 was meant to excuse only occasional employers, such as homeowners, from the definition of "employer" and thus the obligation of maintaining worker's compensation. Newmont turns to legislative history and a deleted portion of the statute to support its argument that the plain language of 616.262(3), requiring a license under chapter 624, was not meant to apply to a company like Newmont. Because the language of the statute is clear, Newmont's attempt to avoid the plain language of the statute by resort to legislative history is ineffective.
 
 
 9
 Because the district court's finding that Newmont was a licensed principal contractor under 616.262(3) appears to have been controlling, and because the finding is mistaken as a matter of law and fact, the summary judgment cannot stand.
 
 III.
 
 10
 Because Newmont did not have the license required by 616.262(3), § 616.262(1) applies to Newmont:
 
 
 11
 1. A person is not an employer for purposes of this chapter if:
 
 
 12
 (a) He enters into a contract with another person or business which is an independent enterprise; and
 
 
 13
 (b) He is not in the same trade, business, profession or occupation as the independent enterprise.
 
 
 14
 NRS § 616.262(1). There is no question that O'Keefe is a independent enterprise within the meaning of subsection (a). The only question remaining is whether Newmont falls within subsection (b).
 
 
 15
 Under subsection (b) an unlicensed principal contractor is a statutory employer of an independent contractor "so long as it is the same trade, business, profession or occupation as the independent enterprise." Oliver v. Barrick Goldstrike Mines, 905 P.2d 168 (Nevada 1995). In Oliver the court found that an independent contractor hired to modify the piping system and replace insulation in the piping system and tanks was not in the same trade as the gold mine company that hired it. Id. at 170, 175.
 
 
 16
 Determining the type of work performed by O'Keefe is crucial in deciding whether Newmont was the statutory employer of Billmayer.
 
 
 17
 The test is not one of whether the subcontractor's activity is useful, necessary, or even absolutely indispensable to the statutory employer's business, since, after all, this could be said of practically any repair, construction or transportation service. The test ... is whether that indispensable activity is, in that business, normally carried on through employees rather than independent contractors.
 
 
 18
 Meers v. Haughton Elevator, 701 P.2d 1006, 1007 (1985) (telephone company was not the statutory employer of a company that maintained its elevators under contract). Although NRS § 616.262(1) was not an issue in Meers, Oliver has endorsed this "normal work" test as the appropriate definition of "same trade." Oliver, 905 P.2d at 174-175.
 
 
 19
 Billmayer asserts that O'Keefe is a drilling company, while Newmont is a gold mine. This truism may or may not resolve the problem. It is essential to know more about O'Keefe's business. If O'Keefe performs drilling contracts for other mining companies, and such work is not usually performed by mining company employees, then the "different business" point might be valid.
 
 
 20
 Because the district court erroneously concluded that Newmont was licensed, the issue whether Newmont fell with the exception to § 616.262(1) was not addressed. On this record, we cannot determine whether Newmont and O'Keefe were in the same trade, business, profession or occupation as those terms are used in Nevada workers-compensation law.
 
 
 21
 We remand to the district court for a determination, in light of Oliver, whether Newmont and O'Keefe were in the same trade, business, profession or occupation under the "normal work" test stated in Meers and adopted by Oliver. If the district court determines that Newmont and O'Keefe are not in the same business then Newmont falls within the exception created by NRS § 616.262(1) and is not shielded from tort liability as Billmayer's statutory employer and the case may proceed to trial.
 
 
 22
 VACATED AND REMANDED.
 
 
 
 *
 Honorable Donald P. Lay, United States Circuit Judge for the Eight Circuit, sitting by designation
 
 
 **
 This disposition is not appropriate for publication and may not be cited to or by the courts of this circuit except as provided by Ninth Circuit Rule 36-3
 
 
 [1]
 A principal contractor is a "person who ... [c]ontracts for the services of any ... independent contractor." NRS § 616.1115(3). The district court found that Newmont was a principle contractor and Billmayer does not challenge this finding