**Dean BILLMAYER, Plaintiff,**

v.

**NEWMONT GOLD COMPANY, Defendant.**

**No. CV–N–93–83–DWH.**

United States District Court, D. Nevada.

May 23, 1996.

---

Eric G. Easterly, Elko, NV, for plaintiff.

Margo Piscevich, Reno, NV, for defendant.

### MEMORANDUM DECISION
### AND ORDER

HAGEN, District Judge.

This court previously granted defendant's motion for summary judgment based on a finding that as a licensed contractor within the meaning of N.R.S. 616.262(3), defendant was plaintiff's statutory employer and protected from personal injury liability by the exclusive remedy provision of the Nevada Industrial Insurance Act. On appeal, the Ninth Circuit Court of Appeals held it was error to find Newmont was a licensed con-

1. 101 Nev. 283, 701 P.2d 1006, 1007 (1985).

2. 111 Nev. 1338, 905 P.2d 168 (1995).

3. A hearing was previously scheduled for June 17, 1996. The court has determined that oral argument is unnecessary.

tractor, and remanded for further factfinding. In this court's most recent order in this matter (# 55), the parties were instructed to submit additional briefing on "whether Newmont and O'Keefe were in the same trade, business, profession or occupation under the 'normal work' test stated in *Meers*[1] and adopted by *Oliver*[2]." The parties have submitted written briefs and the matter is ripe for decision[3].

### Burden of Proof on Summary Judgment

Summary judgment is only appropriate if the "pleadings, depositions, answers to interrogatories, and admissions on file, together with the affidavits, if any, show that there is no genuine issue of material fact and that the moving party is entitled to judgment as a matter of law." F.R.C.P. 56(c).

Under *Oliver*, "[i]f a principal contractor[4] is not a licensed contractor, it will be the statutory employer only if it can show that it is in the same trade' under the *Meers* test." Thus, the burden is on Newmont, the moving party, to prove its statutory employer status.

### Same Trade

 Under Nevada law, employers, including principal contractors, must provide industrial insurance for personal injuries sustained on the job. The general rule is that such insurance is the worker's exclusive remedy; thus, employers, including principal contractors, are immune from any other liability arising out of such injuries. However, N.R.S. 616.262(1) (now 616B.603(1)) provides an exception to the general rule that principal contractors are statutory employers:

1. A person is not an employer for the purposes of this chapter if:

(a) He enters into a contract with another person or business which is an independent enterprise; and

4. This court previously found that Newmont is a principal contractor under N.R.S. 616.1115 (now N.R.S. 616A.285). This finding is left undisturbed by the Ninth Circuit decision.

(b) He is not in the same trade, business, profession or occupation as the independent enterprises [5].

The exception does not apply when the principal contractor is licensed pursuant to N.R.S. chapter 624; a licensed principal contractor is a statutory employer whether or not it engages in the same trade or business as the independent contractor. *N.R.S.* 616.262(3)(a) (now 616B.603(3)(a)). Because Newmont was not a licensed contractor at the time plaintiff sustained his injuries, the court must now reconsider Newmont's motion for summary judgment (# 36) and determine whether the 616.262(1) exception applies.

In *Oliver v. Barrick Goldstrike Mines*, 111 Nev. 1338, 905 P.2d 168 (1995), the Nevada Supreme Court clarified that statutory immunity is not limited to licensed contractors. As long as an unlicensed principal contractor is in the "same trade, business, profession or occupation as the independent enterprise", it is a statutory employer and enjoys the same statutory immunity as a licensed principal contractor.

In *Oliver*, the gold mine argued that the "same trade" definition in N.R.S. 616.120 applied to the "same trade" language in N.R.S. 616.262. That definition provided that the "[t]rade, business, profession or occupation of [the] employer includes all services tending toward the preservation, maintenance or operation of the business, business premises, or business property of the employer." The court disagreed, finding the legislature did not intend the application of such a broad definition to the statutory employer determination. The Oliver court rejected the contention that a principal contractor and an independent contractor are in the "same

trade" merely because the independent contractor performs an activity or service which furthers the business of the principal contractor. *Id.*, 905 P.2d at 174. Rather, the court adopted the test set forth in *Meers v. Haughton Elevator*, 101 Nev. 283, 285, 701 P.2d 1006 (1985). In *Meers*, the court stated,

> The type of work performed by the subcontractor or independent contractor will determine whether the employer is the statutory employer:

> "[T]he test is not one of whether the subcontractor's activity is useful, necessary, or even absolutely indispensible to the statutory employer's business, since, after all, this could be said of practically any repair, construction or transportation service. The test (except in cases where the work is obviously a subcontracted fraction of a main contract) is whether that indispensible activity is, in that business, normally carried on through employees rather than independent contractors." *Id.* at 286, 701 P.2d 1006 (internal citations omitted).[6]

Newmont argues that this court should not apply the "normal work test" because the O'Keefe–Newmont contract was "obviously a subcontracted fraction of a main contract", and therefore falls within "the stated exception" to the test. The court disagrees.

■ As a preliminary matter, the court notes that both the *Meers* and *Oliver* decisions cited the test solely for the appropriate definition of "same trade". 905 P.2d at 172. Therefore, it is not at all clear that the court intended to adopt the parenthetical exception, describing the circumstances under which the test would not apply. The adoption of the exception would effectively amend the statute [7], If the court had intended this

---

**5.** 2. As used in this section, "independent enterprise" means a person who holds himself out as being engaged in a separate business and:

    (a) Holds a business or occupational license in his own name; or

    (b) Owns, rents or leases property used in furtherance of his business.

**6.** In *Oliver*, the court affirmed the trial court's holding that an independent contractor hired to modify and repair the piping system was not in the same trade as the principal contractor, a gold mine. However, the court did not explain its reasoning on that point.

**7.** As explained above, N.R.S. 616B.603 sets forth an exception to the general rule that principal contractors are statutory employers. The statute specifically provides that the exception does not apply to licensed principal contractors; they are always statutory employers. Reading the parenthetical exception into the *Meers* and *Oliver* holdings would amend the statute to provide that not only licensed contractors, but any principal contractors who have subcontracted out a fraction of their contract with a third party are always statutory employers.

result, it would have clearly indicated its intention. For this reason, and the reasons set forth below, this court concludes that the parenthetical exception to the *Meers* test has no application to Nevada workmen's compensation law[8].

The normal work test set forth in *Meers* originated in the Larson treatise of the law of workmen's compensation. 1C Arthur Larson & Lex Larson, *The Law of Workmen's Compensation* § 49.16(j) (1995). Larson indicates that when a statute provides that a contractor who subcontracts any part of his own contract[9] becomes the statutory employer, there is generally no question that the subdivided work is part of the principal contractor's normal work; "[t]he very fact that it is a parcelled out fraction of the main job is proof enough." *Id.,* § 49.16(b). Thus, in a typical principal contractor-subcontractor context, there is no need to analyze the facts under the normal work test.

However, Nevada's statutory definition of principal contractor, N.R.S. 616A.285, is much broader than the common law definition. For example, if any person or business entity contracts for the services of any subcontractor or independent contractor, it is a principal contractor for the purposes of the worker's compensation statute. N.R.S. 616A.285(3). Because the statute does not require the existence of a contract between the principal contractor and a third party, the fact that a principal contractor contracts with an independent contractor for services does not compel the conclusion that those services are a "parcelled out fraction of the main job" or, in the words of the *Meers* test, "obviously a subcontracted fraction of a main contract." Thus, Newmont's argument that because it is a principal contractor the parenthetical exception must be applied, thus fore-

closing the application of the normal work test, must fail.

In its supplemental brief (# 56), Newmont argues that as owner and operator of the mine site, it subcontracted an indispensible portion of the overall gold mining operation to O'Keefe. Newmont points to evidence that the drilling activities O'Keefe was hired to perform are an integral part of gold mining, that Newmont "coordinated" O'Keefe's activity, and furnished specifications and drawings. These arguments do not address the gravamen of the normal work test, which is whether, in the gold mining business, O'Keefe's drilling activities are those normally carried on through mining company employees rather than independent contractors. Therefore, at this stage of the litigation, Newmont has not shown it is entitled to summary judgment on statutory exclusivity grounds.

*Newmont's Duty To Billmayer*

Due to the court's prior finding (now vacated) that as a licensed principal contractor, Newmont was protected by the exclusivity provisions of the workers compensation statute, the court did not address Newmont's further arguments in favor of summary judgment.

Plaintiff's theory is that Newmont voluntarily assumed the duty of enforcing safety statutes and regulations for the benefit of O'Keefe's employees, and, having done so, had the duty to perform this assumed duty with ordinary and reasonable care. Plaintiff alleges Newmont was negligent in instructing and requiring him to wear a particular safety harness without ensuring that the harness could be safely attached to the rig and that the harness would in fact lessen the risk of injury.

8. The court notes that the Ninth Circuit's remand order omitted the parenthetical exception from its recitation of the test, indicating the court's view that the exception has no application in Nevada.

9. In some jurisdictions, when asserted by a general contractor for the purpose of avoiding personal injury liability, this defense is known as the "two-contract defense". In order to succeed under this theory, the existence of two contracts must be proven. One is the contract between the independent contractor and the person or business entity who procured its services. The other contract is the main one between that person or entity and an outside third party, a discrete fraction of which has been subcontracted to the independent contractor. *See* Larson, *The Law of Workmen's Compensation,* § 49.16(b) and cases cited therein.

Newmont argues that it cannot be liable in tort to Billmayer for its compliance with MSHA and OSHA regulations. Newmont further argues that it had no statutory, contractual, or implied-in-law duty to Billmayer. The court disagrees.

In *Karadanis v. Newcomb,* the Nevada Supreme Court held that Rest. of Torts (Second) § 318 correctly stated the law of Nevada with respect to the duties of a possessor of land to another arising out of a third party's use of that land. 101 Nev. 196, 200, 698 P.2d 872 (1985). The court held that this duty could support a claim against the landowner for injuries to an independent contractor's employee. *Id.* That section provides, in relevant part:

> If the actor permits a third person to use land or chattels in his possession.. he is, if present, under a duty to exercise reasonable care so as to control the conduct of the third person so as to prevent him from intentionally harming others or from so conducting himself as to create an unreasonable risk of bodily harm to them if the actor
>
> (a) knows or has reason to know that he has the ability to control the third person, and
>
> (b) knows or should know of the necessity and opportunity for exercising such control.

*Karadanis* clearly establishes that a possessor of land has an implied-in-law (or common law) duty to an independent contractor's employee if the stated conditions are met. The court finds that plaintiff has established a genuine issue of material fact as to the existence of such a duty and whether Newmont breached that duty. Therefore, Newmont's motion for summary judgment is hereby denied.

**IT IS ORDERED** that defendant Newmont's motion for summary judgment is *DENIED.* The hearing previously scheduled for June 17, 1996 is cancelled.