Edward BARBER; Gail Barber, Plaintiffs—Appellants,

v.

KONE, INC., Defendant,

and

United States of America, Defendant—Appellee.

No. 03–16225.

D.C. No. CV–02–00939–PMP.

United States Court of Appeals, Ninth Circuit.

Submitted Dec. 9, 2004.*

Decided Dec. 21, 2004.

---

Fed. R.App. P. 34(a)(2).

Thomas W. Davis, II, Las Vegas, NV, for Plaintiffs–Appellants.

Daniel D. Hollingsworth, USLV—Office of the U.S. Attorney, Las Vegas, NV, for Defendant–Appellee.

Appeal from the United States District Court for the District of Nevada; Philip M. Pro, District Judge, Presiding.

Before KOZINSKI, W. FLETCHER and BYBEE, Circuit Judges.

MEMORANDUM[**]

1. As an employee of Universal Building Maintenance (UBM), a contractor of the United States, Barber is considered an employee of the United States for purposes of Nevada workers' compensation law, *see* Nev.Rev.Stat. § 616A.210(1); *see also id.* § 616A.020(5), unless the United States is in the same "trade, business, profession, or occupation" as UBM, *id.* § 616B.603(1). The United States is in the janitorial profession if it "normally" provides janitorial services. *See Oliver v. Barrick Goldstrike Mines,* 111 Nev. 1338, 905 P.2d 168, 175 (1995) (per curiam) (quoting *Meers v. Haughton Elevator,* 101 Nev. 283, 701 P.2d 1006, 1007 (1985) (per curiam) (" 'The test . . . is whether [the contracted-out] activity is, in that business, *normally* carried on through employees rather than independent contractors.' " (quoting *Bassett Furniture Indus., Inc. v. McReynolds,* 216 Va. 897, 224 S.E.2d 323, 326 (1976) (quoting *Shell Oil Co. v. Leftwich,* 212 Va. 715, 187 S.E.2d 162, 167 (1972) (quoting Arthur Larson, 1A *The Law of Workmen's Compensation* § 49.12, at 872–73 (emphasis added))))))).

[**] This disposition is not appropriate for publication and may not be cited to or by the courts of this circuit except as provided by Ninth Circuit Rule 36–3.

278

■ Federal jurisdiction is presumed not to exist "unless the contrary affirmatively appears." *Stock W., Inc. v. Confederated Tribes of the Colville Reservation,* 873 F.2d 1221, 1225 (9th Cir.1989). Thus, once the United States presented evidence in its Rule 12(b)(1) motion that it normally did janitorial work through its own employees—and thus that there was no federal subject matter jurisdiction under the Federal Tort Claims Act, 28 U.S.C. § 1346(b)—the burden was on Barber to rebut the government's evidence. Barber's sole argument on this issue was that "UBM is engaged in the business of providing contractual janitorial services," while the "United States is a governmental entity charged with administering the United States government." This is not enough, under Nevada law, to establish that the United States and UBM are in different businesses. Since Barber did not show that federal jurisdiction existed, the district court properly dismissed his claim.

2. Mrs. Barber's claim was properly dismissed, as she did not exhaust her administrative remedies. *See Johnson v. United States,* 704 F.2d 1431, 1442 (9th Cir.1983). That the merits of her loss of consortium claim are derivative of the merits of Mr. Barber's claim, *see Gen. Elec. Co. v. Bush,* 88 Nev. 360, 498 P.2d 366, 370–71 & n. 2 (1972), did not relieve her of the responsibility to assert her own claim.

**AFFIRMED.**