**Carl D. GIANNUZZI, Jr., and Anna Mary Giannuzzi, his wife, Plaintiffs,**

v.

**DONINGER METAL PRODUCTS, a corporation, Defendant and Third-Party Plaintiff,**

v.

**UNITED STATES of America, Third-Party Defendant.**

**Civil Action 82–1578.**

United States District Court, W.D. Pennsylvania.

May 16, 1984.

---

Chester S. Fossee, Pittsburgh, Pa., for Giannuzzi.

Louis B. Loughren, Pittsburgh, Pa., for Doninger.

Barbara Carlin, Asst. U.S. Atty., Pittsburgh, Pa., for the U.S.

## MEMORANDUM

ZIEGLER, District Judge.

Plaintiff, Carl D. Giannuzzi, Jr., an employee of the United States Postal Service, was injured during the course of his employment when a mail container fell and pinned him beneath it, according to the complaint. Plaintiff and his wife instituted this diversity action against the manufacturer of the container, Doninger Metal Products of Long Island, New York. Doninger filed a third-party complaint against the United States, alleging that the Postal Service failed to adequately maintain the container, failed to adequately train employees in its proper handling, and failed to maintain a safe work place. Doninger seeks indemnity or contribution from the United States. Arguing that application of the Federal Tort Claims Act, 28 U.S.C. § 2671 *et seq.*, and the Pennsylvania Workmen's Compensation Act, 77 P.S. § 1 *et seq.*, bars recovery in this case, the United States has moved for summary judgment. We agree and judgment will be entered for the United States on the third-party complaint.

### I.

Disposition of this motion requires an examination of the language and the purpose of three statutes—the Federal Tort Claims Act, the Pennsylvania Workmen's Compensation Act, and the Federal Employees' Compensation Act. 5 U.S.C. § 8101 *et seq.* Our inquiry also requires a determination of their interrelation in view of the predominant federal interest in providing a fair and uniform procedure for tort recoveries from the federal government.

The Federal Tort Claims Act modified the long-established principle, inherited from the law of England, that the government is immune from civil liability. *United States v. Sherwood,* 312 U.S. 584, 61 S.Ct. 767, 85 L.Ed. 1058 (1941). That traditional doctrine was rigidly adhered to by the judiciary, except where the sovereign waived immunity and consented to suit. *Gnotta v. United States,* 415 F.2d 1271 (8th Cir.1969), *cert. denied* 397 U.S. 934, 90 S.Ct. 941, 25 L.Ed.2d 115 (1970). Because victims of torts committed by federal employees or agencies could not seek relief in the courts prior to the Tort Claims Act, the victims sought compensation by appealing to Congress for private legislation. To relieve the overwhelming burden of private relief bills, Congress responded in 1946. In fact, as noted in Jayson, *Handling Federal Tort Claims,* § 65.01 (1984), the primary purpose of the Federal Tort Claims Act was to relieve the burden on Congress and thereby provide a less arbitrary and more uniform procedure for compensating tort victims. It is against this background, that is, the desire of Congress to eliminate the burden of enacting private bills for tort claimants—that the language of the Act should be interpreted. *Feres v. United States,* 340 U.S. 135, 71 S.Ct. 153, 95 L.Ed. 152 (1950); *Dalehite v. United States,* 346 U.S. 15, 73 S.Ct. 956, 97 L.Ed. 1427 (1953). In effect, the Act "merely substitutes the District Courts for Congress as the agency to determine the validity and amounts of the claims." *United States v. Yellow Cab Co.,* 340 U.S. 543, 549, 71 S.Ct. 399, 404, 95 L.Ed. 523 (1951).

The Tort Claims Act provides a broad exception to the traditional rule of governmental immunity. As stated in 28 U.S.C. § 2674: "The United States shall be liable, respecting the provisions of this title relating to tort claims, in the same manner and to the same extent as a private individual under like circumstances, but shall not be liable for interest prior to judgment or for punitive damages." With this language, Congress intended to allow recovery against the United States on the same basis and to the same extent as recoveries are allowed for like torts committed under like circumstances by private persons in the state where the act or omission giving rise to the claim occurred. *United Scottish Insurance Co. v. United States,* 614 F.2d 188 (9th Cir.1980), *cert. granted,* —— U.S. ——, 103 S.Ct. 2084, 77 L.Ed.2d 296 (1983). In other words, the "government stands in the shoes of a private person in like circumstances." *Hunt v. United States,* 636 F.2d 580, 585 (D.C.Cir.1980).

For the United States to be liable as a third-party defendant in the civil action at bar, defendant must employ the Federal Tort Claims Act as an exception to the general immunity rule. Using that Act, we must determine whether the actions of the United States, if performed by a private individual, would have subjected the private individual to tort liability.

## II.

The federal government's liability shall be determined "in accordance with the law of the place where the (wrongful) act or omission occurred." 28 U.S.C. § 1346(b). We will therefore consult Pennsylvania law because the injury and the alleged breach of the duty to exercise reasonable care occurred in Pennsylvania.

The law to be applied is the Pennsylvania Workmen's Compensation Act. 77 P.S. § 1 *et seq.* The Act establishes a procedure whereby employers contribute to a fund that reimburses employees for job-related injuries. The statute guarantees immediate, fixed benefits to employees, regardless of fault, but as a *quid pro quo* denies them the right to sue their employers for injury. 77 P.S. § 481(a).

As interpreted by the Pennsylvania courts, the Workmen's Compensation Act has "obliterated" the common law cause of action against an employer and foreclosed the adjudication of liability on the part of the employer, whether as the initial defendant or as a third-party defendant. *Heckendorn v. Consolidated Rail Corp.,* 293 Pa. Super. 474, 439 A.2d 674 (1981), *aff'd,* 502 Pa. 101, 465 A.2d 609 (1983); *Bell v. Kop-*

*pers Co., Inc.,* 481 Pa. 454, 458, 392 A.2d 1380, 1382 (1978). In *Heckendorn,* the Superior Court stated that the Workmen's Compensation Act "has created an exception to the general right of contribution among tortfeasors. Thus a defendant whose negligence is alleged to be responsible for an injury suffered by an employee protected by the Workmen's Compensation Act, may not, in the suit brought against him, join the employer as an additional defendant." 439 A.2d at 675.

In the present case, Doninger Metal Products argues that plaintiff was not protected by the Pennsylvania Workmen's Compensation Act and, therefore, the Act's bar of suits against an employer does not apply to this case. To address this argument, we must consider first whether the United States is an "employer" within the meaning of the Act.

■ "Employer" is defined in the Act as "synonymous with master, and ... include[s] natural persons, partnerships, joint stock companies, corporations for profit, corporations not for profit, municipal corporations, the Commonwealth, and all governmental agencies created by it." 77 P.S. § 21. The federal government is not among those employers specified in the Act. However, the Pennsylvania Legislature could not include the federal government under the definition of employer. The Commonwealth is without power to compel the federal government to participate in a state workmen's compensation program. Nevertheless, the broad definition of employer under the Compensation Act indicates that the Legislature intended the Act to cover as many employment relationships in Pennsylvania as possible. The master in a master-servant relationship qualifies as an employer under the Act, and the rules for determining the existence of the employer-employee relationship are the same as those at common law for ascertaining the relationship of master and servant. *Workmen's Compensation Appeal Board v. American Mutual Liability Insurance Co.,* 19 Pa.Cmwlth. 502, 339 A.2d 183 (1975). Those common law rules were enunciated in *Cookson v. Knauff,* 157 Pa. Super. 401, 43 A.2d 402 (1945), where the court said the master-servant relationship exists where the employer has the right to select the employee, the power to remove and discharge, and the right to direct both what work shall be done and the manner in which it shall be done. Applying these rules, we find that the United States is an employer within the meaning of the Pennsylvania Workmen's Compensation Act.

■ Next we must address the issue whether the bar of the Workmen's Compensation Act in suits against employers applies to the United States as a defendant. This issue is controlled by federal law. While state substantive law provides the cause of action, federal law ultimately determines whether the United States has waived sovereign immunity and consented to suit.

In *Indian Towing Co. v. United States,* 350 U.S. 61, 76 S.Ct. 122, 100 L.Ed. 48 (1955), the Supreme Court emphasized that the federal government decided to waive its immunity in tort cases and agreed to be treated like a private entity. Therefore, a district court should accord the United States the same rights and liabilities as a private entity. *Indian Towing Co., supra* at 65, 76 S.Ct. at 124. We conclude that it is of no consequence that the federal government is not listed among the "employers" in the Pennsylvania Workmen's Compensation Act because federal law controls the rights and liabilities of the United States. *United States v. Georgia Public Service Commission,* 371 U.S. 285, 83 S.Ct. 397, 9 L.Ed.2d 317 (1963).

Doninger Metal Products also argues that the protections afforded to "employers" under the Workmen's Compensation Act should not be extended to the United States because it does not contribute to the Pennsylvania workmen's compensation fund. In the present case, plaintiff's injuries were compensated through the Federal Employees' Compensation Act. 5 U.S.C. § 8101 *et seq.* Doninger argues that the "quid pro quo"—the payment by an employer into the compensation fund in order

to be protected from suits by employees under the Act—is absent because plaintiff was compensated by a federal program. This argument is insufficient to overcome the overriding federal interest that tort victims be compensated when the federal government, treated as a private entity, is liable under state law.

 Congress enacted the Federal Employees Compensation Act to assist the federal government achieve its goal of becoming a "model employer." *See* S.Rep. No. 1081, 93rd Cong., 1st Sess., *reprinted in* (1974) U.S.Code Cong. & Ad.News 5341. In a realistic sense, the Act is the government's "answer to Workman's Compensation, ... first enacted in Pennsylvania three years prior to the passage of the F.E.C.A." *Lorenzetti v. United States,* 710 F.2d 982, 985 (3d Cir.1983). That the federal program rather than the state program paid benefits to plaintiff is not significant. Because Pennsylvania law requires private employers to pay premiums to the workmen's compensation fund and because federal law requires the United States to be a private employer in tort cases, it can be assumed for litigation purposes that the requirement of a "quid pro quo" has been satisfied. We hold the fact that the federal government did not make payments to the Pennsylvania workmen's compensation fund does not affect the bar of state law in a tort suit against the United States as an employer.

### III.

To summarize, the United States has waived its immunity in tort actions by enacting the Federal Tort Claims Act. The United States is liable in tort to the same extent as a private employer in like circumstances. In a tort action, the United States assumes the characteristics of a private employer, and the court should not consider its governmental characteristics when determining liability. The substantive law of Pennsylvania provides the cause of action and the federal government, in its assumed role of a private entity, is subject to the liability and immunity offered by state law.

In the present case, the United States is immune from liability because state law provides that a private employer is immune in like circumstances. Summary judgment will be entered for the United States on the third-party complaint.