RUTH L. MEERS, APPELLANT, v. HAUGHTON ELEVATOR, A DIVISION OF RELIANCE ELECTRIC COMPANY, A DELAWARE CORPORATION; DOES I–V AND ROE CORPORATION IV, RESPONDENTS.

No. 15857

June 21, 1985                         701 P.2d 1006

*Albert D. Massi,* Las Vegas, for Appellant.

*Lorin D. Parraguirre,* Las Vegas, for Respondent.

## OPINION

*Per Curiam:*

Appellant Ruth L. Meers was employed by Central Telephone Company (Centel) as a business office supervisor in Las Vegas, Nevada. Inside the office building in which Meers worked, was an elevator which was maintained by respondent Haughton Elevator Company (Haughton). Haughton had a contract with Centel to perform maintenance on the elevator. On March 30, 1978, Meers was in the elevator when it malfunctioned. The movement of the elevator caused Meers to be "jostled" around, and as a result she sustained injuries to her shoulder, neck, and arm. At the time of the accident, both Centel and Haughton were separately insured under the Nevada Industrial Insurance Act. The Nevada Insurance Commission (NIC) determined that Meers' claim was compensable under Chapter 616 of Nevada Revised Statutes. She executed an award and election of payment of compensation on January 21, 1979.

Meers then filed a civil action in the district court against Haughton. Summary judgment was granted against Meers on the

ground that Haughton was a statutory co-employee of Meers and was therefore immune from liability under NRS 616.560. The district court ruled that Haughton was the sub-contractor of Centel, and thus was a statutory employee of Centel, immune from liability under NRS 616.560.

Industrial insurance is a limitation on common law liability. "The reason for the employer's immunity is the quid pro quo by which the employer gives up his normal defenses and assumes automatic liability, while the employee gives up his right to common-law verdicts." 2A Larson, *Laws of Workman's Compensation,* § 72.22, 14-86 (1983). In Nevada, as in most states, this umbrella of protection extends beyond the employer and covers all of the employees of that employer. NRS 616.560.

It is well established that employers, and persons in the same employ as a person injured in the course of employment, are immune from liability under the Nevada Industrial Insurance Act. The introductory paragraph of NRS 616.560 defines those third parties who can be sued in a civil action by an injured employee:

> 1. When an employee coming under the provisions of this chapter receives an injury for which compensation is payable under this chapter and which injury was caused under circumstances creating a legal liability in some person, *other than the employer or person in the same employ,* to pay damages in respect thereof . . . [that employee may bring proceedings against that person].

NRS 616.560 (emphasis added).

Nevada's Industrial Insurance Act is "uniquely different" from industrial insurance acts of some states in that sub-contractors and independent contractors are accorded the same status as "employees." NRS 616.085;[1] NRS 616.115;[2] Argonez v. Taylor Steel Co., 85 Nev. 718, 720, 462 P.2d 754, 755-56 (1969). While the legislature afforded this umbrella of protection to sub-contractors and independent contractors, the protection is by no means absolute. There is some limit to its coverage.[3] In order to

---

[1]NRS 616.085 provides:
"Employee": Subcontractors and employees. Subcontractors and their employees shall be deemed to be employees of the principal contractor.

[2]NRS 616.115 provides:
"Subcontractors" defined: "Subcontractors" shall include independent contractors.

[3]It is easy to see that in the construction business, sub-contractors and independent contractors will invariably be held to be statutory employees of the general contractor. Outside the construction field, however, determining which sub-contractors and independent contractors are employees for purposes of the Act is a determination of great importance.

make the determination of which types of sub-contractors and independent contractors are covered, it is necessary to make an initial determination as to the statutory employer. Farish v. Courion Industries, Inc., 722 F.2d 74 (4thCir. 1983). In other words, if Centel is not deemed to be the statutory employer of Haughton, then Haughton could not be a statutory employee. Therefore, Haughton could not be a statutory co-employee of Meers, protected from liability under the Nevada Industrial Insurance Act.

The type of work performed by the sub-contractor or independent contractor will determine whether the employer is the statutory employer:

> [T]he test is not one of whether the subcontractor's activity is useful, necessary, or even absolutely indispensable to the statutory employer's business, since, after all, this could be said of practically any repair, construction or transportation service. The test (except in cases where the work is obviously a subcontracted fraction of a main contract) is whether that indispensable activity is, in that business, *normally* carried on through employees rather than independent contractors.

Bassett Furniture Industries, Inc. v. McReynolds, 224 S.E.2d 323 (Va. 1976) (emphasis added; citations omitted).

This "normal work" test has been applied in many cases involving sub-contracted maintenance activities. "The general rule is that '[m]ajor repairs, or specialized repairs of the sort which the employer is not equipped to handle with his own force, are held to be outside his regular business. . . .' " *Farish*, 722 F.2d at 80 (quoting 1C Larson, *Law of Workmen's Compensation* § 49.12, 9-37 to 9-39); *see also* Basset Furniture Industries, Inc. v. McReynolds, 224 S.E.2d 323 (Va. 1976).

We conclude that the specialized maintenance conducted by Haughton was not part of Centel's normal business. Although Centel had to maintain its physical facilities as part of its everyday function, "as the great majority of cases illustrates, specialized maintenance requiring skills and expertise not possessed by its employees is not a normal part of maintaining its building." *Farish*, 722 F.2d at 81.

Therefore, since Centel is not deemed to be the statutory employer of Haughton, Haughton cannot be deemed to be the co-employee of any of Centel's employees. Thus, Meers may maintain an action against Haughton notwithstanding the common-law limitations under the Industrial Insurance Act.

Accordingly, this case is reversed and remanded to the district court for trial.