*1351
 
 OPINION
 

 Per Curiam:
 

 Appellants Joseph Tucker and Kevin Clark (collectively referred to as “Tucker and Clark”) were employed by respondent Maleo, Inc. (“Maleo”), a dry wall company, which was hired by a general contractor. Tucker and Clark were injured when the scaffolding they were working on collapsed. The company providing the scaffolding, respondent Action Equipment and Scaffold Co., Inc. (“Action”), was a licensed contractor pursuant to NRS chapter 624.
 

 After Tucker and Clark collected industrial insurance benefits through Maleo, they sued Action. Action filed a motion to dismiss, claiming it was immune from suit under the Nevada Industrial Insurance Act (“NIIA”) because it was a subcontractor “in the same employ” as Maleo and Tucker and Clark, under the general contractor, pursuant to NRS 616.560(l)(a) (recodified as NRS 616C.215(2)(a)). Tucker and Clark opposed the motion, arguing that the “normal work” test, articulated in Meers v. Haughton Elevator, 101 Nev. 283, 701 P.2d 1006 (1985), applied in their favor, exempting Action from the protection of immunity. The district court granted the motion to dismiss in Action’s favor, and Tucker and Clark appeal.
 

 FACTS
 

 In 1992, Marnell Corrao Associates, Inc. (“Marnell”), a general contractor, hired Maleo as a drywall subcontractor for a construction project on a complex and uniquely configured church called the Shrine of the Most Holy Redeemer (“the Shrine”). On October 29, 1992, and November 9, 1992, Maleo and Action executed two agreements for Action to supply, erect, and dismantle the scaffolding required to complete Malco’s contract with Marnell on the Shrine. Action supplied and erected the scaffolding as required in November 1992.
 

 On November 17, 1992, two Maleo employees, Tucker and Clark, were working on the scaffolding when it failed to support their weight, throwing them to the ground and causing personal injury. Tucker and Clark filed a claim with the State Industrial Insurance System (“SIIS”) through their employer, Maleo, and were paid $124,823.77 and $62,771.75, respectively.
 

 On March 1, 1994, Tucker and Clark filed a complaint for negligence and strict liability against Action pursuant to NRS 616.560(l)(a), which allowed injured workers to sue certain third persons. On April 18, 1994, Action brought a third-party complaint against Maleo for indemnification.
 

 
 *1352
 
 On February 27, 1995, Action filed its motion to dismiss Tucker and Clark’s complaint for failure to state a claim. The focus of its motion was that Action was immune from liability pursuant to NRS 616.560(l)(a) because it was “in the same employ” as Tucker and Clark; therefore, Tucker and Clark’s exclusive remedy was SIIS benefits.
 

 On March 14, 1995, Tucker and Clark filed their opposition to Action’s motion, claiming that Action was not “in the same employ.” Rather, they argued that the “normal work” test, set out in
 
 Meers,
 
 101 Nev. at 283, 701 P.2d at 1006, (hereinafter “the
 
 Meers
 
 test”) applied, creating a fact issue as to whether the scaffolding was a “normal” part of Malco’s contract with Marnell or a highly specialized function.
 

 On April 19, 1995, a hearing on the motion was conducted. The parties’ arguments centered mostly on how the
 
 Meers
 
 test applied in this case. The district court decided that the issue was one of fact: whether the scaffolding was a “highly specialized form of scaffolding” that Maleo employees could not do themselves or whether providing scaffolding was part of Malco’s normal business. Therefore, the court ordered the parties to conduct more discovery on this issue before it would decide on the motion.
 

 After additional discovery was completed, the matter was reheard on October 9, 1995. On October 26, 1995, the district court entered an order granting the motion to dismiss for failure to state a claim and judgment of dismissal with prejudice. In its order, the district court determined that the
 
 Meers
 
 test applied and that providing scaffolding was in fact part of Malco’s normal work. Additionally, the court found that the Action/Malco contract was a sub-contracted fraction of the Malco/Marnell contract. Therefore, after applying the
 
 Meers
 
 test, the court decided Action was a contractor immune from suit, pursuant to NRS 616.085(1) (recodified as NRS 616A.210(1)), 616.115 (recodi-fied as NRS 616A.320), and 616.560(1)(a). On November 7, 1995, Tucker and Clark filed their notice of appeal.
 

 DISCUSSION
 

 Standard of review
 

 Initially, we note that in making its decision on the motion to dismiss, the district court considered evidence outside the pleadings. Therefore, the court treated and disposed of Action’s motion to dismiss as a summary judgment motion.
 
 See
 
 MacDonald v. Kassel, 97 Nev. 305, 307, 629 P.2d 1200, 1200 (1981). Accordingly, we will review the order granting the
 
 *1353
 
 motion to dismiss as we would an order granting summary judgment.
 
 See
 
 Paso Builders, Inc. v. Hebard, 83 Nev. 165, 169, 426 P.2d 731, 734 (1967).
 

 On appeal from summary judgment, this court must determine whether the district court erred in finding that no genuine issues of material fact exist and that the moving party was entitled to judgment as a matter of law. Bird v. Casa Royale West, 97 Nev. 67, 69-70, 624 P.2d 17, 18 (1981). This court’s review is
 
 de novo
 
 and without deference to the lower court’s findings. Caughlin Homeowners Ass’n v. Caughlin Club, 109 Nev. 264, 266, 849 P.2d 310, 311 (1993). On summary judgment, “the evidence is 'to be viewed in a light most favorable to the party against whom summary judgment was rendered.” McGinnis v. Consolidated Casinos Corp., 98 Nev. 396, 397-98, 650 P.2d 806, 807 (1982).
 

 Relevant law under NIIA
 

 Since NIIA was enacted, this court has held that compensation from SIIS is the sole remedy an injured employee has against his employer when the injury resulted from an accident which arose out of and in the course of his employment.
 
 [1]
 
 Frith v. Harrah South Shore Corp., 92 Nev. 447, 452, 552 P.2d 337, 340 (1976);
 
 see also
 
 NRS 616.270(3) (recodified as NRS 616B.612(3)) (“the employer shall be relieved from other liability for recovery of damages or other compensation for such personal injury”); NRS 616.370(1) (recodified as NRS 616A.020(1)) (“[t]he rights and remedies provided in this chapter for an employee on account of an injury by accident sustained arising out of and in the course of the employment shall be exclusive”).
 

 However, NRS 616.560(l)(a) provided:
 

 1. When an employee coming under the provisions of this chapter receives an injury for which compensation is payable under this chapter and which was caused under circumstances creating a legal liability in some person,
 
 other than the employer or a person in the same employ,
 
 to pay damages thereof:
 

 (a) The injured employee . . . may take proceedings against that person to recover damages ....
 

 (Emphasis added.) Therefore, an injured employee may sue a third person in common law if that third person is not the
 
 *1354
 
 employee’s statutory employer or co-employee. This begs the question of who is a statutory employer or co-employee in “the same employ.”
 

 NRS 616.085(1) stated, in part, that all “subcontractors, independent contractors[
 
 2
 
 ] and the employees of either shall be deemed to be the employees of the principal contractor.” Therefore, NIIA provides the exclusive remedy of any employee of a subcontractor injured as a result of the negligence of another subcontractor’s employee working for the same principal contractor because they are considered to be working in “the same employ”; hence, they are statutory co-employees. Aragonez v. Taylor Steel Co., 85 Nev. 718, 719-20, 462 P.2d 754, 755 (1969).
 

 This concept was expanded in Stolte, Inc. v. District Court, 89 Nev. 257, 259, 510 P.2d 870, 871 (1973), where the issue was whether a
 
 sub-subcontractor
 
 is also a statutory employee under NIIA. This court held that “[t]he overall scheme of [NIIA] is to provide coverage for
 
 all
 
 employees working for,
 
 or under,
 
 the principal contractor. The provisions of NRS Chapter 616 are construed to include sub-subcontractors as well as subcontractors and independent contractors.”
 
 Id.
 
 (emphasis added).
 

 In the present case, it is clear that Action is a subcontractor according to NRS 624.020, which defines “contractor” as
 

 2. [A]ny person . . . who in any capacity . . . undertakes to, or offers to undertake to . . . construct, alter, repair, add to, subtract from, improve, move, wreck or demolish any building ... or do any part thereof,
 
 including the erection of scaffolding
 
 or other structures or works in connection therewith. . . .
 

 3. A contractor within the meaning of this chapter includes subcontractor or specialty contractor ....
 

 (Emphasis added.) As Action provided the scaffolding and its installation, we conclude that Action was a subcontractor under this definition.
 
 [3]
 
 Having thus concluded that Action was a subcontractor, the next inquiry is whether it is a statutory co-employee for the purposes of NIIA immunity.
 

 
 *1355
 

 Whether Action was a statutory co-employee of Maleo, Tucker and Clark
 

 Tucker and Clark argue that the
 
 Meers
 
 test applies in this situation to determine whether Action was a statutory co-employee and, thus, immune from suit. They further argue that when the district court applied the
 
 Meers
 
 test, it failed to construe the facts in their favor; therefore, the order granting the motion to dismiss must be reversed.
 

 In
 
 Meers,
 
 Centel, a telephone company, contracted with Haughton Elevators (“Haughton”) to do specialized maintenance for the elevators in Centel’s business facility. Ms. Meers, employed as Centel’s business office supervisor, was injured in an elevator at the Centel building. After receiving SIIS benefits through her employer, Centel, Ms. Meers sued Haughton. Haughton alleged that since it was Centel’s subcontractor, it was “in the same employ” as Ms. Meers, pursuant to NRS 616.560(1)(a); therefore, Haughton contended, it was immune from suit under NIIA.
 
 See Meers,
 
 101 Nev. at 284-85, 701 P.2d at 1006-07.
 

 This court held that although NIIA afforded immunity to all subcontractors and their employees, “the protection is by no means absolute.”
 
 Id.
 
 at 285, 701 P.2d at 1007. Rather, this court invoked the “normal work” test used in other jurisdictions to determine whether the type of work a subcontractor does entitles it to NIIA immunity:
 

 “The test (except in cases where the work is obviously a subcontracted fraction of a main contract) is whether that indispensable activity is, in that business,
 
 normally
 
 carried on through employees rather than independent contractors.”
 

 Id.
 
 at 286, 701 P.2d at 1007 (quoting Bassett Furniture Indus., Inc. v. McReynolds, 224 S.E.2d 323 (Va. 1976)).
 

 Applying this test, we held that Centel did not normally conduct specialized maintenance of its elevators through its own employees.
 
 Id.
 
 Since maintaining elevators was not part of Cen-tel’s normal work, Centel was not Haughton’s statutory employer, nor was Haughton the statutory co-employee of Ms. Meers. Therefore, NIIA immunity did not apply, and Ms. Meers could proceed with her suit against Haughton.
 
 Id.
 

 The history of workers’ compensation cases in this state is marked by much confusion as to which test applies when determining who is in “the same employ” for NIIA immunity purposes. For instance, in Leslie v. J. A. Tiberti Construction, 99 Nev. 494, 664 P.2d 963 (1983), this court applied a five-factor, fact-intensive “control test” in a construction case; however, this
 
 *1356
 
 test was then applied in some non-construction cases as well.
 
 See, e.g.,
 
 Sims v. General Telephone & Electric, 107 Nev. 516, 815 P.2d 151 (1991).
 

 In 1991, the Nevada State Legislature enacted NRS 616.262 (recodified as NRS 616B.603), which provided in part:
 

 1. A person is not an employer for the purposes of this chapter if:
 

 (a) He enters into a contract with another person or business which is an independent enterprise; and
 

 (b) He is not in the same trade, business, profession or occupation as the independent enterprise.
 

 3. The provisions of this section do not apply to a principal contractor who is licensed pursuant to chapter 624 of NRS.
 

 Oliver v. Barrick Goldstrike Mines, 111 Nev. 1338, 1348-49, 905 P.2d 168, 174-75 (1995), highlighted that NRS 616.262(1)(b) codified the
 
 Meers
 
 test, holding that the “same trade” language used in NRS 616.262(1)(b) referred to the “normal work” test stated in
 
 Meers. Oliver
 
 further stated:
 

 If a principal contractor is a licensed contractor pursuant to chapter 624, the principal contractor will be the “statutory employer” of the independent contractors (or subcontractors) and their employees. If a principal contractor is not a licensed contractor, it will be the statutory employer only if it can show that it is in the “same trade” under the
 
 Meers
 
 test.
 

 Id.
 
 at 1349, 905 P.2d 174-75.
 

 In order to determine whether a defendant is immune from suit per NIIA, we now set forth the following required inquiry. First, construction cases must be differentiated from non-construction cases. If the particular situation is a non-construction case, the
 
 Meers
 
 test is to be applied to ascertain whether the defendant is immune from suit under NIIA or may be sued on common law principles.
 
 [4]
 

 
 *1357
 
 However, remaining consistent with
 
 Oliver,
 
 further examination is required in construction cases. Initially, if the defendant in a construction case is
 
 not
 
 a principal contractor
 
 [5]
 
 licensed pursuant to NRS chapter 624, or is
 
 not
 
 working pursuant to a construction agreement with such a licensed principal contractor, the
 
 Meers
 
 test must be applied to determine immunity. On the other hand, if the defendant in a construction case is a principal contractor licensed pursuant to NRS chapter 624, or is a licensed contractor working pursuant to a construction agreement with a licensed principal contractor, and the defendant is performing part of the construction work for which it is licensed when the injury occurs, that contractor is immune from further suit as a matter of law.
 
 [6]
 
 No further factual analysis is necessary.
 

 We conclude that by the enactment of NRS 616.262, the legislature intended the use of only the
 
 Meers
 
 test as discussed above. Accordingly, we now explicitly hold that the control test is no longer the primary standard applicable to determine whether one is immune from suit under NIIA. Rather, the issue of control is only one factor to be considered in resolving “normal work” issues under
 
 Meers.
 

 [7]
 

 
 *1358
 
 In the present case, Tucker and Clark expend much effort applying the
 
 Meers
 
 test to the facts of this case. They explain that a material factual issue remains regarding whether the particular scaffolding required for the Shrine project was a highly specialized necessity that Malco’s employees would not normally carry out. Tucker and Clark’s emphasis is misplaced because according to our conclusion above, the
 
 Meers
 
 test is not applicable in this matter.
 

 Applying the above analysis in this case, we first note that this is a construction case. Next, the record indicates that Action is a licensed scaffolding contractor pursuant to NRS chapter 624, rendering its services pursuant to a construction subcontract. Further, it was performing the very services for which it was licensed — scaffolding—-when Tucker and Clark were injured. Therefore, Action is immune from suit under Nil A as a matter of law. Accordingly, no genuine issues of material fact exist regarding workplace immunity.
 
 See
 
 NRS 616.262(3), NRS 616.560(1)(a), NRS 624.020 and other relevant sections of NRS chapters 616 and 624.
 

 CONCLUSION
 

 We conclude that Action is immune from suit by Tucker and Clark. As such, the fact issue as to whether the scaffolding used here was highly specialized or part of Malco’s normal work is of no consequence. Since no genuine issues of material fact exist, dismissal was proper. We therefore affirm the district court’s judgment.
 

 Springer, J., concurring:
 

 I concur in the result only.
 

 [1]
 

 The purpose of the employer’s immunity under NIIA from common law actions by its employee is to allow an employer to provide worker’s compensation coverage in return for which the employer’s liability is limited to worker’s compensation benefits. Karadanis v. Sourwine, 105 Nev. 793, 797, 783 P.2d 454, 456 (1989).
 

 [2]
 

 NRS 616.115 stated, “ ‘Subcontractors’ shall include independent contractors.”
 

 [3]
 

 Additionally, Maleo has always maintained that its contract with Action was a subcontracted fraction of its contract with Marnell. Moreover, Marnell listed Action as one of its subcontractors on the Shrine project in its daily job record reports for October 27, 1992, through November 6, 1992. Therefore, it is clear that Marnell contemplated its own relationship with Action as principal contractor/subcontractor.
 

 [4]
 

 Sims v. General Telephone & Electric, 107 Nev. 516, 815 P.2d 151 (1991), a non-construction case, contains facts substantially similar to those in
 
 Meers.
 
 In
 
 Sims,
 
 a janitor working at a GTE manufacturing plant was killed by chemical toxins.
 
 Id.
 
 at 519, 815 P.2d at 153. One issue in the case was whether the janitor was a statutory employee of GTE, thus enabling GTE to invoke the protections of immunity under NIIA.
 
 Id.
 
 at 528, 815 P.2d at 159.
 

 This court noted:
 

 In non-construction situations such as this case, however, this court has taken a much more fact-specific approach to the problem.
 
 See, e.g.,
 
 
 *1357
 
 Meers v. Haughton Elevator, 101 Nev. 283, 285 n.3, 701 P.2d 1006, 1007 n.3 (1985) (expressly noting that inquiry is different in non-construction situations).
 

 Id.
 
 at 529 n.6, 815 P.2d at 159 n.6. Notwithstanding,
 
 Sims
 
 borrowed from the construction cases which applied the “control” test in determining whether the janitor was, indeed, an employee of GTE.
 

 We now conclude that
 
 Sims
 
 incorrectly applied the control test in this non-construction situation. Rather, we conclude that under-Meera, the “normal work” test is to be used in all non-construction cases.
 
 Meers,
 
 101 Nev. at 286, 701 P.2d at 1007. Accordingly, we now explicitly overrule
 
 Sims
 
 and all other non-construction cases that apply the control test when determining whether one is a statutory co-employee for purposes of NIIA immunity.
 

 [5]
 

 NRS 616.1115 (re-codified as NRS 616A.285) defined “principal contractor” as follows:
 

 [A] person who:
 

 1. Coordinates all the work on an entire project;
 

 2. Contracts to complete an entire project;
 

 3. Contracts for the services of any subcontractor or independent contractor; or
 

 4. Is responsible for payment to any contracted subcontractors or independent contractors.
 

 [6]
 

 While NRS 616.262(3) exempted principal contractors from application of NRS 616.262(1) (the
 
 Meers
 
 test), we conclude that for immunity purposes, the term “principal contractor” encompasses subcontractors, sub-subcontractors and independent contractors.
 

 [7]
 

 To the extent that McDowell Construction Supply v. Williams, 90 Nev. 75, 518 P.2d 604 (1974) (a construction case that adopts the control test),
 
 *1358
 
 Leslie v. J. A. Tiberti Construction, 99 Nev. 494, 664 P.2d 963 (1983) (a construction case that articulates the five-factor analysis required in the control test), and their progeny are inconsistent with this opinion, they are hereby overruled. Accordingly, the conflict that exists among
 
 Leslie,
 
 Simon Service v. Mitchell, 73 Nev. 9, 307 P.2d 110 (1957), and Titanium Metals v. District Court, 76 Nev. 72, 349 P.2d 444 (1960), is now moot. Further, to the extent that Weaver v. Shell Oil Co., 91 Nev. 324, 535 P.2d 787 (1975), is inconsistent with Frith v. Harrah South Shore Corp., 92 Nev. 447, 552 P.2d 337 (1976),
 
 Weaver
 
 is overruled.