*498
 
 OPINION
 

 Per Curiam:
 

 Amzel Michael Lipps, Sr., appeals a district court order granting summary judgment based upon respondents’ claims of immunity under the Nevada Industrial Insurance Act (“NIIA”). As we conclude that the fatally injured worker was a statutory co-employee of respondent Southern Nevada Paving, we affirm the order of the district court.
 

 STATEMENT OF THE FACTS
 

 This case arises from a tragic accident in which Amzel Michael Lipps, Jr., was killed while servicing a construction truck owned by respondent, Southern Nevada Paving. At the time of the accident, Southern Nevada Paving, a contractor licensed per NRS chapter 624, was performing road construction pursuant to a subcontract with Gilbert Western Construction Company, a licensed general contractor. Gilbert Western Construction Company was retained by the Fort Mojave Indian Tribe to build roads leading to its new casino project near Laughlin, Nevada. Amzel Lipps, Jr., was an employee of C & J Trucking, an independent contractor hired directly by the Tribe to service heavy equipment owned and operated by Southern Nevada Paving. Southern Nevada Paving employees supervised Amzel Lipps, Jr., and his fellow C & J Trucking employees.
 
 [1]
 

 Amzel Lipps, Sr., filed suit for his son’s wrongful death. Thereafter, Southern Nevada Paving moved for summary judgment, claiming immunity from suit under the Nevada Industrial Insurance Act. The district court granted this motion based upon our decision in Tucker v. Action Equipment and Scaffold Co., 113 Nev. 1349, 951 P.2d 1027 (1997). Amzel Lipps, Sr., appeals.
 

 DISCUSSION
 

 Standard of review
 

 Summary judgment is only appropriate when, after a review of the record viewed in a light most favorable to the nonmoving party, there remain no issues of material fact and the moving party is entitled to a judgment as a matter of law.
 
 See
 
 Butler v.
 
 *499
 
 Bogdanovich, 101 Nev. 449, 451, 705 P.2d 662, 663 (1985). On appeal, this court is “to determine whether the trial court erred in concluding that an absence of genuine issues of material fact justified its granting of summary judgment.” Bird v. Casa Royale West, 97 Nev. 67, 68, 624 P.2d 17, 18 (1981).
 

 Immunity under the Nevada Industrial Insurance Act
 

 The Nevada workers’ compensation system provides the exclusive remedy of an employee against his employer for workplace injuries.
 
 See
 
 Frith v. Flarrah South Shore Corp., 92 Nev. 447, 452, 552 P.2d 337, 340 (1976).
 
 [2]
 
 A corollary to the immunity rule is that claims for tort damages in connection with workplace injuries are only sustainable against persons or entities other than a statutory employer or persons in the same employ.
 
 See
 
 NRS 616.560(1) (recodified as NRS 616C.215(2)(a)).
 
 [3]
 

 NRS 616A.210(1) states in part that all “subcontractors, independent contractors and the employees of either shall be deemed to be employees of the principal contractor for the purposes of [the NBA].” “Therefore, NILA provides the exclusive remedy of any employee of a subcontractor injured as a result of the negligence of another subcontractor’s employee working for the same principal contractor because they are considered to be working in ‘the same employ’; hence, they are statutory co-employees.”
 
 Tucker,
 
 113 Nev. at 1354, 951 P.2d at 1030 (citing Aragonez v. Taylor Steel Co., 85 Nev. 718, 719-20, 462 P.2d 754, 755 (1969)).
 

 In Meers v. Haughton Elevator, 101 Nev. 283, 701 P.2d 1006 (1985), we adopted the so-called “normal work” test to determine whether the type of work a “subcontractor” does entitles it to NIIA immunity:
 

 
 *500
 
 The test (except in cases where the work is obviously a subcontracted fraction of a main contract) is whether that indispensable activity is, in that business,
 
 normally
 
 carried on through employees rather than independent contractors.
 

 Id.
 
 at 286, 701 P.2d at 1007 (quoting Bassett Furniture Industries, Inc. v. McReynolds, 224 S.E.2d 323 (Va. 1976)). As we noted in
 
 Tucker,
 
 the 1991 Nevada State Legislature enacted NRS 616.262 (recodified as NRS 616B.603), which provides in part:
 

 1. A person is not an employer for the purposes of [this chapter] if:
 

 (a) He enters into a contract with another person or business which is an independent enterprise; and
 

 (b) He is not in the same trade, business, profession or occupation as the independent enterprise.
 

 3. The provisions of this section do not apply to:
 

 (a) a principal contractor who is licensed pursuant to chapter 624 of NRS.
 

 In
 
 Tucker,
 
 we reiterated our conclusion in Oliver v. Barrick Goldstrike Mines, 111 Nev. 1338, 1349, 905 P.2d 168, 174-75 (1995), that NRS 616B.603 is a codification of the test set forth in
 
 Meers.
 
 However, based upon this provision, we concluded in
 
 Tucker
 
 that workplace immunity issues must be resolved by first determining whether the workplace injury took place in a construction setting. If not, the statutory/Meeri test applies. In the construction context, we held that:
 

 [Remaining consistent with
 
 Oliver,
 
 further examination is required in construction cases. Initially, if the defendant in a construction case is
 
 not
 
 a principal contractor licensed pursuant to NRS chapter 624, or is
 
 not
 
 working pursuant to a construction agreement with such a licensed principal contractor, the
 
 Meers
 
 test must be applied to determine immunity. On the other hand, if the defendant in a construction case is a principal contractor licensed pursuant to NRS chapter 624, or is a licensed contractor working pursuant to a construction agreement with a licensed principal contractor, and the defendant is performing part of the construction work for which it is licensed when the injury occurs, that contractor is immune from further suit as a matter of law. No further factual analysis is necessary.
 

 Tucker,
 
 113 Nev. at 1357, 951 P.2d at 1032 (footnotes omitted).
 

 It is uncontroverted that Amzel Lipps, Jr., was the direct employee of C & J Trucking, not Southern Nevada Paving. It is
 

 
 *501
 
 also uncontroverted that C & J Trucking was not a contractor licensed under NRS chapter 624 and that C & J Trucking was retained separately by the Tribe, a non-NIIA participant. In
 
 Tucker,
 
 the defendant and the injured workers’ direct employer were both licensed contractors. The question is whether Southern Nevada Paving’s status as a principal contractor under NRS chapter 624, given the fact that this matter arises in the construction context and given the fact that Amzel Lipps, Jr., was working with Southern Nevada Paving on this construction project, compels the district court’s decision under
 
 Tucker.
 

 We conclude that the immunity provisions of the NIIA obtain as a matter of law. First, the matter at hand is a construction case in which Southern Nevada Paving, a licensed contractor under NRS chapter 624, was working pursuant to a construction agreement with a licensed principal contractor at the time of the accident.
 
 See
 
 NRS 616B.603(3);
 
 Tucker,
 
 113 Nev. at 1357, 951 P.2d at 1032. Second, C & J Trucking was an “independent contractor” working through its employees at the jobsite and is deemed a statutory co-employee of Southern Nevada Paving.
 
 See
 
 NRS 616A.210(1).
 

 Accordingly, Amzel Lipps, Jr., an employee of C & J Trucking was a statutory co-employee of Southern Nevada Paving for the purposes of the NIIA, and appellant’s tort action against respondents is precluded under workers’ compensation laws.
 
 See
 
 NRS 616B.612(3); NRS 616A.020(1); NRS 616C.215(2)(a). Thus, we hold that the district court properly granted summary judgment in this matter.
 

 We have considered appellant’s remaining assignments of error and find them to be without merit.
 
 [4]
 
 Therefore, we affirm the district court’s order.
 

 [1]
 

 Respondent Ron Wade Bell, a defendant below, was an employee of Southern Nevada Paving and was operating the construction truck at the time of the accident.
 

 Jeannine and Chris Rogers, owners of C & J Trucking, were also named as respondents, however, appellant makes no claim that they are subject to common law liability in connection with this action.
 

 [2]
 

 See also
 
 616.270(3) (recodified as NRS 616B.612(4)) (“the employer is relieved from other liability for recovery of damages or other compensation for such personal injuries”); and NRS 616.370(1) (recodified as NRS 616A.020(1)) (“[t]he rights and remedies provided in [this chapter] ... for an employee on account of an injury by accident sustained arising out of and in the course of the employment shall be exclusive”).
 

 [3]
 

 NRS 616.560(1) (recodified as NRS 616C.215(2)(a)):
 

 2. When an employee receives an injury for which compensation is payable pursuant to the provisions of chapters 616A to 616D, inclusive, or chapter 617 of NRS and which was caused under circumstances creating a legal liability in some person,
 
 other than the employer or a person in the same employ,
 
 to pay damages in respect thereof:
 

 (a) The injured employee . . . may take proceedings against that person to recover damages ....
 

 (Emphasis added.)
 

 [4]
 

 The Mojave Tribe is not an NIIA participant. We conclude that this has no bearing on the immunity issues litigated in this appeal. The issue is whether Amzel Lipps, Jr., was a statutory co-employee of Southern Nevada Paving pursuant to NRS chapter 616B.