**EMPLOYERS INSURANCE COMPANY OF NEVADA,**
Plaintiff,

v.

**UNTIED STATES of America,**
Defendant.

And Related Third–Party Action

**John C. Bullard and Jackie Bullard, Plaintiffs,**

v.

United States of America, Defendant,

And Related Counterclaim

Nos. CV–N–02–0641HDM(VPC), CV–N–03–0366HDM(VPC).

United States District Court, D. Nevada.

June 4, 2004.

Joseph Dita, David Allen & Associates, Reno, NV, Laurence Irwin, Beckett & Yott, Ltd., Carson City, NV, for Plaintiffs.

Debra Turner, Law Offices of Debra Turner, Las Vegas, NV, for Third Party Defendant.

Greg Addington, U.S. Attorney's Office, Reno, NV, for Defendant.

## ORDER

McKIBBEN, District Judge.

Plaintiff Employers Insurance Company of Nevada ("Employers Insurance") filed a Complaint on December 11, 2002, against Defendant United States of America ("the United States"), and filed an Amended Complaint on March 19, 2003, arising from a traffic accident that occurred on August 2, 2000. John C. Bullard ("Bullard"), who was employed by John Uhalde (now deceased) doing business as Uhalde Leasing Company ("Uhalde"), was driving a semi-tractor trailer on Interstate 80 in Nevada when the brakes failed, causing a collision. Bullard was operating the vehicle pursuant to a contract between Uhalde and the Bureau of Land Management ("BLM") under which the BLM would lease equipment and operators on an emergency basis. Although Uhalde owned the vehicle that Bullard was operating, it had previously been inspected by a BLM employee and deemed safe to operate.

Bullard received workers' compensation benefits from Uhalde's provider, Employers Insurance. Employers Insurance brought an action for negligence against the United States, seeking subrogation to all rights of Bullard for the benefits. The United States filed a Third–Party Complaint against Uhalde on March 20, 2003, alleging that Uhalde's negligence, not the United States', caused the brake failure. The United States seeks a judgment on its Third–Party Complaint in the event that judgment is entered in Bullard's favor in the original action.

Bullard and his wife Jackie Bullard filed a separate action against the United States on July 10, 2003, alleging negligence and loss of consortium. The United States filed a Counterclaim on September 29, 2003, alleging negligence on the part of Bullard and seeking a judgment in its favor in the event that any judgment is entered for Jackie Bullard on the loss of consortium claim.

These two actions were consolidated on November 17, 2003. The United States filed a Motion to Dismiss Consolidated Actions on November 20, 2003, on the

grounds that the United States has not waived sovereign immunity, and that the consolidated actions must therefore be dismissed for lack of subject matter jurisdiction pursuant to Fed.R.Civ.P. 12(b)(1).

■ A 12(b)(1) motion may be accompanied by extrinsic evidence, and is referred to as a "factual" attack on subject matter jurisdiction. *White v. Lee*, 227 F.3d 1214, 1242 (9th Cir.2000). The district court is free to hear evidence and resolve factual disputes regarding jurisdiction prior to trial. *Augustine v. United States*, 704 F.2d 1074, 1077 (9th Cir.1983). On a factual attack on subject matter jurisdiction, the court may look beyond the complaint without converting the motion to dismiss to a motion for summary judgment. *White*, 227 F.3d at 1242.

■ The United States is immune from suit except to the extent it has unequivocally consented to be sued. *LaBarge v. County of Mariposa*, 798 F.2d 364, 366 (9th Cir.1986). The Federal Tort Claims Act waives the United States' sovereign immunity when torts are committed by federal employees acting within the scope of their employment. *Valdez v. United States*, 56 F.3d 1177, 1179 (9th Cir.1995). Under the FTCA, the United States is liable in tort "in the same manner and to the same extent as a private individual under like circumstances." 28 U.S.C. § 2674. The United States' liability for negligence is determined in accordance with the substantive law of the state in which the negligence occurred. 28 U.S.C. § 1346(b)(1).

■ In Nevada, workers' compensation is an employee's sole remedy for work-related injuries. Nev.Rev.Stat. § 616A.020. Employers are generally immunized from common law liability for workplace injuries. *Harris v. Rio Hotel*, 117 Nev. 482, 483, 25 P.3d 206 (2001). A person is not an employer for purposes of workers' compensation if: "a) he enters into a contract with another person or business which is an independent enterprise; and b) he is not in the same trade, business, profession or occupation as the independent enterprise." Nev.Rev.Stat. § 616B.603(1). If this exception does not apply, "subcontractors, independent contractors, and the employees of either shall be deemed to be employees of the principal contractor." Nev.Rev.Stat. § 616A.210(1). These statutory sections codified the holding in *Meers v. Haughton Elevator*, 101 Nev. 283, 701 P.2d 1006 (1985). *Tucker v. Action Equipment and Scaffold Co.*, 113 Nev. 1349, 1356, 951 P.2d 1027 (1997). Under *Meers*, whether the employees of the subcontractor or independent contractor are the statutory employees of the contractor depends on whether the work is "normally carried on through employees rather than independent contractors." *Meers*, 101 Nev. at 286, 701 P.2d 1006 (quoting *Bassett Furniture Industries, Inc. v. McReynolds*, 216 Va. 897, 224 S.E.2d 323 (1976)).

■ The parties concede that Uhalde is an independent enterprise. Whether the United States was the statutory employer of Bullard at the time of the accident is therefore determined by applying the second prong of the statutory test as defined in *Meers*. Functioning as a principal contractor, the BLM hired Uhalde as a subcontractor or independent contractor to provide heavy equipment and operators that would assist in fighting forest fires. There is no dispute that the BLM ordinarily provides its own heavy equipment and operators to perform these tasks. The work that Bullard was performing at the time of his injury is therefore normally carried out by the principal contractor. Accordingly, the BLM was the statutory employer of Bullard for purposes of workers' compensation, and is entitled to the immunity of a private employer.

Bullard and Employers Insurance make two principal arguments in their Joint Opposition against immunizing the United States from liability. First, they contend that because the contract permits the United States' employees to hold Uhalde liable for negligence, if Uhalde's employees are not allowed to hold the United States liable there would have been no "mutual renunciation of common law rights which is the quid pro quo of the workers' compensation scheme." Joint Opposition, page 6, lines 20–22. Second, immunizing the United States is contrary to public policy because the United States does not pay workers' compensation premiums.

However, the United States correctly argues that the absence of full reciprocity in common law liability is consistent with Nev.Rev.Stat. § 616A.210(1), which immunizes the principal contractor from liability to the independent contractor's employees, but not vice versa. Second, pursuant to the Federal Employees' Compensation Act, the United States is obligated to provide a system of compensation for injured employees, and incurs the related financial obligations. 5 U.S.C. § 8101 et seq. Additionally, Uhalde's expenses for contributing to Nevada's workers' compensation system are undoubtedly factored in to the fee owed Uhalde under the terms of the contract with the BLM. In a case involving similar facts and nearly identical state workers' compensation laws, the Western District of Pennsylvania concluded that the United States is immune from common law suit. *Giannuzzi v. Doninger Metal Products*, 585 F.Supp. 1306 (W.D.Pa.1984). That court held that because state law immunizes private employers from suit and federal law requires the United States to be treated as a private employer, "it can be assumed for litigation purposes that the requirement of a 'quid pro quo' has been satisfied." *Id.*, at 1310.

The court therefore finds that the United States is immune from liability for the common law negligence alleged by Bullard and Employers Insurance. Because the United States has waived sovereign immunity only to the extent that a similarly situated private person would be liable, the United States has not waived its sovereign immunity in the instant case. The cause of action for negligence brought by Employers Insurance is therefore dismissed for lack of subject matter jurisdiction. Jackie Bullard's claim for loss of consortium, and the subrogation sought by Employers Insurance, both depend on a finding of liability against the United States. Because the United States is immune from suit, those claims are also dismissed.

Accordingly, the United States' Motion to Dismiss (# 18) is granted. The United States shall have ten (10) days from the entry of this order to dismiss the third-party claim against Uhalde and the counterclaim against Bullard.

It is so ORDERED.