**Steven A. SAUNDERS, Plaintiff—Appellant**

v.

**HARSCO CORPORATION, Defendant—Appellee.**

No. 06–15383.

United States Court of Appeals, Ninth Circuit.

Argued and Submitted Dec. 7, 2007.

Filed Dec. 26, 2007.

Gregory J. Barlow, Esq., Jeffrey L. Galliher, Esq., Ham Galliher, LLP, Las Vegas, NV, for Plaintiff–Appellant.

Thomas N. Charchut, Esq., Haight, Brown & Bonesteel, LLP, Los Angeles, CA, Peter C. Brown, Esq., Bremer Whyte Brown & O'Meara LLP, Las Vegas, NV, for Defendant–Appellee.

Before: KOZINSKI, Chief Judge,

COWEN,* and HAWKINS, Circuit Judges.

## MEMORANDUM **

Appellant Steven Saunders instituted this negligence action against Appellee Harsco Corporation. The district court granted summary judgment for Harsco based on its conclusion that Harsco was statutorily immune from liability under the Nevada Industrial Insurance Act ("NIIA"). NEV.REV.STAT. § 616B.612(1). We vacate and remand.

The Nevada Supreme Court recently clarified that where NIIA immunity is claimed, the threshold question is whether the injury arose out of "a project executed within the scope of a [Nevada] licensed contractor's license." *Richards v. Republic Silver State Disposal, Inc.*, 148 P.3d 684, 689 (Nev.2006). If the principal contractor is not so licensed, then the inquiry becomes whether the principal and subcontractor are in "the same trade, business, profession or occupation." NEV.REV.STAT. § 616B.603(1)(b); *Richards*, 148 P.3d at 688. Under *Meers*, the question is whether the work performed by the subcontractor is something that is "normally" done by the principal's employees in the course of its regular business. *Meers v. Haughton Elevator*, 101 Nev. 283, 701 P.2d 1006, 1007 (1985); *Tucker v. Action Equip. & Scaffold Co.*, 113 Nev. 1349, 951 P.2d 1027, 1031 (1997) (section 616B.603(1)(b) "codified the *Meers* test").

The district court rendered its decision without the benefit of the Nevada Supreme Court's recent decision in *Richards*. Here, there was no licensed general contractor in the first instance from whom automatic immunity may be imputed. Accordingly, Union Pacific is not automatically Saunders's statutory employer under NIIA, and Harsco thereby cannot automatically be deemed Saunders's statutory co-employee.

Nor is Harsco automatically immune due to the working relationship between Harsco and Saunders as there is no contract between them. Since neither Harsco nor Union Pacific were licensed contractors under Nevada law, the district court was required to undertake the *Meers* "normal work" inquiry to determine the question of statutory immunity. *Richards*, 148 P.3d at 688. In particular, it should have decided whether the tasks performed by Harsco and Wilson Creek—those of rail grinding and fire suppression, respectively—were part of Union Pacific's "normal business." *See Meers*, 701 P.2d at 1008; NEV.REV.STAT. § 616B.603(1)(b). The district court did not perform this analysis below, and we decline to resolve these fact-intensive questions. The judgment in favor of Harsco is vacated and the matter is remanded to the district court for proceedings consistent with this opinion. The taxation of costs issue is moot.

### VACATED AND REMANDED.

---

* The Honorable Robert E. Cowen, Senior United States Circuit Judge for the Third Circuit, sitting by designation.

** This disposition is not appropriate for publication and is not precedent except as provided by 9th Cir. R. 36-3.