An unpublished order shall not be regarded as precedent and shall not be cited as legal authority. SCR 123.

## IN THE SUPREME COURT OF THE STATE OF NEVADA

FLAMINGO LAS VEGAS OPERATING COMPANY, LLC D/B/A FLAMINGO LAS VEGAS, A NEVADA CORPORATION; AND CANNON COCHRAN MANAGEMENT SERVICES, INC., A REGISTERED FOREIGN CORPORATION,
Appellants,
vs.
STABILE PRODUCTIONS, INC., A NEVADA CORPORATION,
Respondent.

No. 62830

FILED

APR 2 9 2015

TRACIE K. LINDEMAN
CLERK OF SUPREME COURT
BY S. Young
DEPUTY CLERK

### ORDER AFFIRMING IN PART, REVERSING IN PART, AND REMANDING

This is an appeal from a district court order granting summary judgment, denying a motion to amend, and denying a countermotion for summary judgment in a tort action. Eighth Judicial District Court, Clark County; Valerie Adair, Judge.

Lacramiora Stoian, an employee of appellant Flamingo Las Vegas, was injured when she was kicked in the head by Rebecca Shipley, a Go-Go dancer employed by respondent Stabile Productions, Inc., while Shipley was performing in Flamingo's "Party Pit." Flamingo provided workers' compensation benefits to Stoian and then filed a complaint against Shipley and Stabile alleging negligence and negligent hiring, training, and supervision. Although the complaint's causes of action were in tort, Flamingo asserted its right to subrogation for the amount of workers' compensation benefits paid to Stoian, along with attorney fees and costs. After Stabile filed its answer, Flamingo sought to amend the complaint to add an indemnity claim based on a provision in the parties'

Entertainment Agreement. Stabile opposed the motion to amend and moved for summary judgment, and Flamingo filed a countermotion for summary judgment. The district court granted summary judgment in favor of Stabile, finding that Flamingo was the statutory employer of Stabile and Shipley and therefore, under the workers' compensation statutes, Flamingo had no right to recover from Stabile the workers' compensation benefits paid to Stoian. The district court's order also denied Flamingo's motion for leave to amend the complaint, concluding that the indemnity provision did not apply in the workers' compensation context, and denied Flamingo's countermotion for summary judgment. This appeal followed.

Having considered the parties' briefs and appendices, we conclude that the district court erred in granting summary judgment in Stabile's favor. *See Wood v. Safeway, Inc.*, 121 Nev. 724, 729, 121 P.3d 1026, 1029 (2005) (explaining that this court reviews de novo a district court summary judgment). Under the Nevada Industrial Insurance Act (NIIA), which governs the workers' compensation scheme, independent contractors may be deemed statutory employees immune from suit. To determine whether an independent contractor is a statutory employee of another business, the court must analyze whether the independent contractor is an independent enterprise not in the same trade, business, profession or occupation under NRS 616B.603—that is, under the *Meers* normal work test, whether the contracted services are normally carried out through employees. *See Tucker v. Action Equip. & Scaffold Co.*, 113 Nev. 1349, 1357, 951 P.2d 1027, 1032 (1997), *overruled on other grounds by Richards v. Republic Silver State Disposal, Inc.*, 122 Nev. 1213, 148

P.3d 684 (2006); *see also Meers v. Haughton Elevator*, 101 Nev. 283, 286, 701 P.2d 1006, 1007 (1985).

Here, the district court based its conclusion that Flamingo was Stabile and Shipley's statutory employer on its findings that Flamingo had "absolute control over the Party Pit," that "[b]oth the card dealer and Go-Go dancer were an integral part of the gaming entertainment presentation at the Party Pit," and that Flamingo's business model expanded beyond gaming. This court has clarified, however, that the "control test" is not dispositive in determining immunity under the NIIA. *Tucker*, 113 Nev. at 1357, 951 P.2d at 1032. Although the district court appears to also have concluded that Flamingo and Stabile were in the same trade or business, *see* NRS 616B.603, the appellate record does not contain any evidence to show that Flamingo's casino business included dancing so as to constitute the same business as Stabile, which provides Go-Go dancing entertainment. *See* NRCP 56(c) (setting forth the movant's burden in a summary judgment motion); *NOLM, LLC v. Cnty. of Clark*, 120 Nev. 736, 739, 100 P.3d 658, 660-61 (2004) (noting that this court will set aside factual findings that are not supported by substantial evidence). Contrary to Stabile's argument, we do not agree that this fact is subject to judicial notice. *See* NRS 47.130; *United States v. Jones*, 29 F.3d 1549, 1553 (11th Cir. 1994) ("Since the effect of taking judicial notice under [Federal Rule of Evidence 201] is to preclude a party from introducing contrary evidence and in effect, directing a verdict against him as to the fact noticed, the fact must be one that only an unreasonable person would insist on disputing."). Moreover, the district court did not analyze whether the Go-Go dancing services Stabile provided fall within the "normal work" test set forth in *Meers*. *See Tucker*, 113 Nev. at 1357, 951 P.2d at 1032 (holding that the

court should analyze an independent contractor's work under NRS 616B.603 and the *Meers* test to determine whether it is a statutory employee for workers' compensation purposes); *Meers*, 101 Nev. at 286, 701 P.2d at 1007 (explaining that the test for finding statutory employment is not whether the independent contractor's activity "is useful, necessary, or even absolutely indispensable to the statutory employer's business" but rather whether the contracted services are, in the purported statutory employer's business, "*normally* carried on through employees rather than independent contractors" (quotation marks omitted)). Therefore, we conclude that the district court erred in granting summary judgment, and we reverse and remand for further proceedings on this issue.[1]

Flamingo also challenges the portion of the district court's order that denied its motion for leave to amend the complaint. Flamingo, however, failed to provide any authority to support its assertion that it could bring an indemnity action to recover for workers' compensation benefits paid, which are typically recovered through a subrogation action. *See* NRS 616C.215(2). And nothing in the indemnity provision expressly allows Flamingo to recover for workers' compensation benefits. *See MGM Grand Hotel-Reno, Inc. v. Insley*, 102 Nev. 513, 518, 728 P.2d 821, 824 (1986) ("The obligation to pay compensation benefits and the right to receive them exists as a matter of statute independent of any rights established by contract."); *Hortman v. Otis Erecting Co.*, 322 N.W.2d 482, 486 (Wis. Ct. App. 1982) (narrowly construing an indemnity provision

---

[1]While we reverse the district court's order and remand for further proceedings, we express no opinion regarding the merits of Flamingo's countermotion for summary judgment.

against the argument that it covered the indemnitee's obligations under the workers' compensation statutes despite lacking such express language); *see also Parman v. Petricciani*, 70 Nev. 427, 430-32, 272 P.2d 492, 493-94 (1954) (disregarding a party's construction of the contract where it was unreasonable under the facts and circumstances of the case), *abrogated on other grounds by Wood*, 121 Nev. at 729-32, 121 P.3d at 1029-31. Therefore, the district court did not abuse its discretion in denying Flamingo's motion to amend. *See Halcrow, Inc. v. Eighth Judicial Dist. Court,* 129 Nev. \_\_, \_\_, 302 P.3d 1148, 1152 (2013) (recognizing that leave to amend a complaint will not be granted if the plaintiff seeks to plead an impermissible claim); *Holcomb Condo. Homeowners' Ass'n, Inc. v. Stewart Venture, LLC,* 129 Nev. \_\_, \_\_, 300 P.3d 124, 130-31 (2013) (setting forth the standard of review). Accordingly, we

ORDER the judgment of the district court AFFIRMED IN PART AND REVERSED IN PART AND REMAND this matter to the district court for proceedings consistent with this order.

_____, J.
Saitta

_____, J.
Gibbons

_____, J.
Pickering

cc: Hon. Valerie Adair, District Judge
Persi J. Mishel, Settlement Judge
Alverson Taylor Mortensen & Sanders
Floyd, Skeren & Kelly
Pyatt Silvestri & Hanlon
Eighth District Court Clerk