Michael QUICK, Plaintiff–Appellant,

v.

FREEMAN DECORATING CO.,
Defendant–Appellee,

and

R.D. Werner Co. Inc.;  Werner
Co., Defendant.

No. 01–17135.
D.C. No. CV–99–01734–PMP.

United States Court of Appeals,
Ninth Circuit.

Argued and submitted Dec. 4, 2002.

Decided Jan. 21, 2003.

Before COWEN,* HAWKINS and W. FLETCHER, Circuit Judges.

MEMORANDUM**

Michael Quick appeals from the District Court's September 17, 2001 summary judgment in favor of Freeman Decorating Co. ("Freeman"). We affirm.

This action arises out of an injury suffered by Quick, an employee of Renaissance Management, Inc. ("Renaissance"), at the 1997 Automotive Products Aftermarket Association ("APAA") convention in Las Vegas, Nevada. William T. Glasgow & Associates ("Glasgow") served as the promoter of this trade show, leasing space to several exhibitors, including the National Association of Stock Car Automobile Racers ("NASCAR"). Freeman contracted with Glasgow to serve as the official service provider for the show. In addition to overseeing the show's overall production and exclusively moving freight in and out of the building, Freeman assembled and disassembled the show's exhibit

booths on a non-exclusive basis. NASCAR chose to opt out of Freeman's assembly and disassembly services, and Renaissance contracted to set up and take down the NASCAR exhibit booth.

Because of problems with bringing its equipment, including two 16–foot ladders, onto the show floor for assembly, Renaissance paid Freeman to put its equipment into accessible storage until disassembly. Freeman transported this equipment to accessible storage.

Quick was working on one of Renaissance's 16–foot ladders disassembling the NASCAR exhibit booth when the ladder collapsed, causing injuries. He received workers' compensation benefits and a partial disability award.

Quick filed a complaint with the District Court of Nevada for the Eighth Judicial District, Clark County. He alleged, *inter alia,* that Freeman was negligent in transporting and storing the ladder. Following the removal of this action on diversity grounds, the District Court for the District of Nevada granted Freeman's motion for summary judgment. It found that Freeman was immune from liability for negligence under the Nevada Industrial Insurance Act ("NIIA") because it was a statutory co-employee of Quick. Quick appealed.

We review the district court's grant of summary judgment de novo, determining whether there are any genuine issues of material fact and whether the district court properly applied the relevant substantive law. *See, e.g., Tremain v. Bell Indus., Inc.,* 196 F.3d 970, 975–76 (9th Cir.1999). Nevada substantive law governs this matter, and we must predict how

* The Honorable Robert E. Cowen, Senior United States Circuit Judge for the U.S. Court of Appeals for the Third Circuit, sitting by designation.

** This disposition is not appropriate for publication and may not be cited to or by the courts of this circuit except as provided by Ninth Circuit Rule 36–3.

the Nevada Supreme Court would decide any legal question upon which it has not yet ruled. *See, e.g., Aetna Cas. & Sur. Co. v. Sheft,* 989 F.2d 1105, 1108 (9th Cir.1993).

■ It is well established that the NIIA provides that workers' compensation constitutes an employee's exclusive remedy for an industrial injury against both the employer and his or her fellow employees. *See, e.g., GES, Inc. v. Corbitt,* 117 Nev. 265, 21 P.3d 11, 13 (2001) (per curiam). The NIIA is " 'uniquely different' from industrial insurance acts of some states in that sub-contractors and independent contractors are accorded the same status as 'employees.' " *Meers v. Haughton Elevator,* 101 Nev. 283, 701 P.2d 1006, 1007 (1985) (per curiam) (citations omitted). Section 616A.210 provides in relevant part that:

> 1. Except as otherwise provided in NRS 616B.603, subcontractors, independent contractors and the employees of either shall be deemed to be employees of the principal contractor for the purposes of chapters 616A to 616D, inclusive, of NRS.

Nev.Rev.Stat. § 616A.210(1). This provision furnished the basis for the District Court's finding that Freeman cannot be held liable for negligence because it was a statutory co-employee of Quick.

■ Section 616A.210 requires the existence of both a principal contractor and a subcontractor or an independent contractor. The agreement to store and transport Renaissance's equipment gave rise to a principal contractor-independent contractor relationship between Renaissance and Freeman. Freeman clearly constituted an independent contractor because it furnished to Renaissance the services of transportation and storage in exchange for a specified payment, with Renaissance apparently not providing any specific direction regarding the means to be used in providing these services. *See* Nev.Rev.Stat. § 616A.255. Renaissance was a principal contractor in relation to Freeman because it contracted and paid for the services of Freeman, an independent contractor. *See id.* § 616A.285(3), (4).

■ Freeman is entitled to be treated as a statutory employee of Renaissance under section 616A.210. However, before it may benefit from this status, Freeman must demonstrate that the circumstances of this case do not implicate section 616B.603(1). This provision states that:

> 1. A person is not an employer for the purposes of chapters 616A to 616D, inclusive, of NRS if:
>
> (a) He enters into a contract with another person or business which is an independent enterprise; and
>
> (b) He is not in the same trade, business, profession or occupation as the independent enterprise.

Nev.Rev.Stat. § 616B.603(1).[1] Even if Freeman constituted an independent enterprise, *see id.* § 616B.603(2) (defining "independent enterprise"), Renaissance was Freeman's statutory employer because it was in "the same trade, business, profession or occupation" as Freeman.

The "same trade" requirement is a codification of the "normal work" test. *See, e.g., Hays Home Delivery, Inc. v. Employers Ins. Co. of Nev.,* 31 P.3d 367, 369–70 (Nev.2001) (en banc) (per curiam); *Oliver v. Barrick Goldstrike Mines,* 111 Nev. 1338, 905 P.2d 168, 174–75 (1995) (per curiam). In order to determine whether

---

1. This provision is inapplicable in certain circumstances, most significantly where there is a licensed principal contractor in a construction case. *See* Nev.Rev.Stat. 616B.603(3)(a). There is no indication that either Renaissance or Freeman was a licensed contractor, and the parties apparently agree that this is a non-construction case.

Renaissance was Freeman's statutory employer, we must ask whether the " 'indispensable activity [of Freeman] is, in that business, *normally* carried on through employees rather than independent contractors.' " *Meers*, 701 P.2d at 1007 (quoting *Bassett Furniture Indus., Inc. v. McReynolds*, 216 Va. 897, 224 S.E.2d 323 (1976)). The "same trade" requirement essentially provides that "a person who enters into a contract with an independent enterprise in a different line of work, to perform work not normally carried out by the person's own employees, is not considered a statutory employer." *Harris v. Rio Hotel & Casino, Inc.*, 117 Nev. 482, 25 P.3d 206, 212 (2001) (en banc).

The District Court properly found that Renaissance and Freeman were both involved in the same activities of assembling and disassembling trade show exhibit booths. Both entities provided these services at the APAA show. Renaissance competes with Freeman in providing labor to erect and tear down booths. Given the fact that Quick, a Renaissance employee, was actually injured while disassembling the NASCAR exhibit booth, Renaissance clearly furnished these services through its employees and not independent contractors.

Quick challenges the District Court's finding by pointing to Freeman's additional duties as the APAA show's official service provider and asserting that the erection and dismantling of each separate exhibit booth was essentially a unique activity. No case under the NIIA suggests that a court must apply the "same trade" requirement so rigorously as to distinguish between different exhibit booths and to consider as dispositive the broader activities of Freeman. In *Hays Home Delivery, Inc. v. Employers Insurance Co. of Nevada*, 31 P.3d 367 (Nev.2001) (en banc) (per curiam), the Nevada Supreme Court refused to draw such a technical distinction between the administrative and supervisory tasks performed by a delivery company and an independent driver's physical deliveries. *Id.* at 371.[2]

Quick does present a more persuasive argument when he challenges the relevance of the assembly and disassembly activities under these circumstances. He argues that, because the only contractual relationship between Freeman and Renaissance concerned the transportation and storage of equipment after assembly, a court should only consider transportation and storage activities in the "same trade" analysis.

We need not resolve the broader questions raised by this argument given the facts of this case. The action of transporting and storing equipment used to erect and take down exhibit booths is closely related to the actual assembly and disassembly of these booths. It would therefore be inappropriate to draw any clear distinction in these circumstances. *Cf. id.*

---

2. Quick also relies on the Nevada Supreme Court's decision in *GES, Inc. v. Corbitt*, 117 Nev. 265, 21 P.3d 11 (2001) (per curiam). In this case, the plaintiff, a lighting technician employed by an entertainment group, brought a negligence claim against the electrical contractor responsible for assembling a truss structure that collapsed on the plaintiff. *Id.* at 12–13. The supreme court affirmed the trial court's denial of the electrical contractor's motion for summary judgment because the electrical contractor and the entertainment group "were in different trades entirely." *Id.* at 14. The electrical contractor "supp[lied] electricity, hauling and assembly services to convention exhibitors," and the entertainment group provided "live stage entertainment involving music and custom lighting for exhibitors." *Id.* Because Renaissance and Freeman are competitors in the business of assembling and disassembling trade show exhibit booths, we cannot conclude that they were in entirely different trades.

(refusing to distinguish between administrative tasks and actual deliveries). Additionally, Freeman has still satisfied the "same trade" requirement even if any inquiry were limited to a consideration of transportation and storage activities. Like Freeman, Renaissance was involved in the transportation and storage of the equipment, with its runners normally removing the equipment from the show floor.

■ Because Renaissance and Freeman were in "the same trade, business, profession or occupation," Freeman is immune as a statutory co-employee of Quick. Quick advances a number of arguments against this conclusion. He asserts that the District Court erred in failing to consider various factors under the "control" test. While the issue of control may remain "one factor to be considered in resolving 'normal work' issues," *Tucker v. Action Equip. & Scaffold Co.*, 113 Nev. 1349, 951 P.2d 1027, 1032 (1997), the District Court committed no reversible error in omitting an express discussion of the control question given Freeman's clear satisfaction of the "normal work" test. Quick further asserts that any finding of immunity would be contrary to public policy because of the lack of an incentive on the part of Freeman, particularly as Renaissance's competitor, to make Quick's workplace safe. Notwithstanding these broader concerns, Freeman clearly constituted a co-employee of Quick under Nevada's statutory scheme. A different result must be rejected as inconsistent with section 616A.210 and the doctrine of co-employee immunity.

AFFIRMED.

---

* This panel unanimously finds this case suitable for decision without oral argument. *See* Fed. R.App. P. 34(a)(2).

** This disposition is not appropriate for publication and may not be cited to or by the courts of this circuit except as provided by Ninth Circuit Rule 36–3.